**Affirmed and Opinion filed November 7, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00353-CV

---

### DREXEL CORPORATION, Appellant

### V.

### EDGEWOOD DEVELOPMENT, LTD, Appellee

---

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2012-21997**

---

## O P I N I O N

In this permissive interlocutory appeal, defendant Drexel Corporation argues that the trial court erred in denying its motion to dismiss the declaratory-judgment action against it for lack of subject-matter jurisdiction. Because plaintiff's requests for declarations of contractual non-liability present a live controversy that is ripe for review, we affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the pleadings in this case, Drexel Corporation brokered Edgewood Development, Ltd.'s purchase of an office building in 1995. The two companies disagreed about the payment due to Drexel, but resolved the dispute through a written contract in which Edgewood gave Drexel the rights to certain profits from the property and promised to pay Drexel a portion of the proceeds when the property is sold. Approximately seventeen years later, Drexel sent Edgewood a demand letter in which it stated that the parties omitted to include in the contract a date by which the property would be sold and final payment made to Drexel. Drexel asserted that a reasonable time for the property's sale had passed, and that a reasonable estimation of Drexel's share of the proceeds from a hypothetical sale was $1.2 million. Drexel stated that if Edgewood did not pay $1.2 million within thirty days, Drexel would sue for "a declaratory judgment with respect to the missing term (i.e., the outside date for a sale of the Property), and a monetary judgment" for Drexel's share of the sales proceeds, plus attorneys' fees, costs, and interest.

Edgewood did not wait for the thirty-day period mentioned in the demand letter to expire, but instead filed its own suit for declaratory judgment. Drexel moved to dismiss the suit for lack of subject-matter jurisdiction and argued that the controversy was not ripe. The trial court denied the motion to dismiss, but granted Drexel's motion for a permissive appeal. We likewise granted Drexel's application for an interlocutory appeal.

In the sole issue presented, Drexel challenges the trial court's denial of its motion to dismiss the suit for lack of subject-matter jurisdiction.

## II. STANDARD OF REVIEW

The usual procedural vehicle used to challenge the sufficiency of the pleader's jurisdictional allegations or the existence of jurisdictional facts is a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004); *Riner v. City of Hunters Creek*, 403 S.W.3d 919, 921 (Tex. App.—Houston [14th Dist.] 2012, no pet.). In substance, then, Drexel's motion to dismiss was a plea to the jurisdiction. *See Speer v. Stover*, 685 S.W.2d 22, 23 (Tex. 1985) (per curiam).

We review a trial court's ruling on a plea to the jurisdiction de novo. *Miranda*, 133 S.W.3d at 226. In our review, we construe the pleadings liberally in favor of the pleader and look to the pleader's intent to determine whether the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See id.* If the pleadings affirmatively negate the existence of jurisdiction, then the trial court may grant the plea to the jurisdiction without allowing the plaintiffs an opportunity to amend. *Id.* at 227.

## III. ANALYSIS

Under the Uniform Declaratory Judgments Act ("the Act"), a person interested under a written contract or whose rights are affected by it "may have determined any question of construction or validity arising under the . . . contract." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008). "A contract may be construed either before or after there has been a breach," *id.* § 37.004(b), but the Act "gives the court no power to pass upon hypothetical or contingent situations, or determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication." *Firemen's Ins. Co. of Newark, N.J. v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968), *superseded by constitutional amendment on other grounds as stated in Farmers Tex. Cnty. Mut.*

3

*Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997) (per curiam) (sub. op.). Rather, an action for declaratory judgment is available "only where there is a 'substantial controversy involving genuine conflict of tangible interests.'" *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 240 (Tex. 2011) (quoting *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (internal quotations omitted)). "A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank*, 907 S.W.2d at 467 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

Here, there is such a justiciable controversy. Drexel has asserted that under the express and implied terms of the contract, Edgewood is obligated to pay it $1.2 million. Drexel has demanded that Edgewood pay this amount, which it says is "now due and owing." Edgewood, on the other hand, contends that Drexel's interpretation contradicts the agreement's unambiguous terms, and denies that it owes Drexel the payment demanded. This is a live controversy that can be resolved by a judicial declaration of the parties' rights and duties under the contract. *See Stark v. Benckenstein*, 156 S.W.3d 112, 117 (Tex. App.—Beaumont 2004, pet. denied) (holding that the trial court had subject-matter jurisdiction over a request for declaration of non-liability under a release agreement); *Mackie v. Guthrie*, 78 S.W.3d 462, 467 (Tex. App.—Tyler 2001, pet. denied) (sub. op.) (holding that plaintiff had standing to maintain a declaratory-judgment action where plaintiff had received a demand letter from defendant and the declarations plaintiff sought would prevent defendant from recovering under the contract).

Drexel argues that the trial court lacks subject-matter jurisdiction for two reasons. First, Drexel contends that the case is not ripe because Edgewood did not plead or prove that it would suffer any imminent injury or harm without the

judicial declaration it seeks. Second, Drexel asserts that Edgewood cannot use the Act to deprive the real plaintiff of the traditional right to choose the time and place of suit. We conclude that both arguments are without merit.

## A.      Edgewood pleaded and produced evidence of imminent harm.

Ripeness is a component of subject-matter jurisdiction. *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011). To evaluate ripeness, courts consider "whether, *at the time a lawsuit is filed*, the facts are sufficiently developed 'so that an injury has occurred or is likely to occur, rather than being contingent or remote.'" *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000) (quoting *Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998)). Although a claim need not be fully ripened at the time suit is filed, the facts still must be developed sufficiently for the court to determine that an injury has occurred or is likely to occur. *Robinson*, 353 S.W.3d at 755. "[I]f a party cannot demonstrate a reasonable likelihood that the claim will soon ripen, the case must be dismissed." *Id.* (citing *Perry v. Del Rio,* 66 S.W.3d 239, 251 (Tex. 2001)). The ripeness requirement applies even if the party is seeking only a declaratory judgment. *Riner*, 403 S.W.3d at 922. *See also Bonham State Bank*, 907 S.W.2d at 468 ("A trial court has discretion to enter a declaratory judgment so long as it will serve a useful purpose or will terminate the controversy between the parties.").[1]

In the ripeness inquiry, "the threat of harm can constitute a concrete injury, but the threat must be 'direct and immediate' rather than conjectural, hypothetical, or remote. To show that such injuries are likely to occur, for example, parties must

---

[1] Drexel contends that the trial court lacks subject-matter jurisdiction over the case, but does not contend that if the trial court has jurisdiction, it would be an abuse of discretion for the trial court to render declaratory judgment.

demonstrate that the harm is imminent, but has not yet impacted them." *Gibson*, 22 S.W.3d at 852 & n.23 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 152, 87 S. Ct. 1507, 1517, 18 L. Ed. 2d 681 (1967)).

As Edgewood's pleadings demonstrate, the harm at issue is the wrongful retention or wrongful payment of $1.2 million. Edgewood filed this suit in response to Drexel's letter insisting that Edgewood owed it this amount and demanding payment within thirty days.[2] At the time the lawsuit was filed, just eleven days remained before the expiration of that deadline, but the parties had conflicting understandings of their rights and duties under the contract. If Edgewood truly owed Drexel this amount but did not pay it, then Drexel would be harmed; if Edgewood paid the money as Drexel demanded but did not owe it, then Edgewood would be harmed. Declaratory judgment accordingly was the appropriate vehicle to resolve the controversy. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242, 57 S. Ct. 461, 465, 81 L. Ed. 617 (1937) (holding that where one party asserts a present right to payment under a contract and the other party denies it, the "dispute is manifestly susceptible of judicial determination. It calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.");[3] *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 670 (Tex. 2009) ("The Act was originally 'intended as a speedy and effective remedy' for settling disputes before substantial damages were incurred. It is 'intended to provide a remedy that is

---

[2] Both the demand letter and the contract were attached to Edgewood's pleadings.

[3] Although *Haworth* was decided under the federal declaratory-judgment act, the Texas Act must be 'so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees." *Man Indus. (India), Ltd. v. Midcontinent Exp. Pipeline, LLC*, 407 S.W.3d 342, 354 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 37.002 (West 2008)).

simpler and less harsh than coercive relief, if it appears that a declaration might terminate the potential controversy.'" (footnotes omitted) (quoting *Cobb v. Harrington*, 144 Tex. 360, 368, 190 S.W.2d 709, 713 (1945) and RESTATEMENT (SECOND) OF JUDGMENTS § 33 cmt. c (1982))).

Drexel argues that harm is not imminent because it never filed a counterclaim and has indicated that it is not interested in pursuing the dispute at this time. In effect, Drexel argues that because it has not followed through on its demand, the issue is now moot. Drexel had the burden of proof on this point and failed to satisfy its burden. *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727, 184 L. Ed. 2d 553 (2013) (explaining that under the voluntary-cessation doctrine, the party who contends that its failure to pursue the claim renders the case moot bears the "formidable burden" to establish that it "could not reasonably be expected to resume" the same conduct). Drexel has retained an "unfettered ability" to insist that Edgewood make payments that Edgewood denies it owes. *Cf. id.* The case is not moot because there is still a live controversy and the trial court's judgment on the merits can still affect the parties' rights or interests. *Cf. Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) (describing the conditions that render a case moot); *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (same).

**B.  The argument that the Act should not be used "to deprive the real plaintiff of the traditional right to choose the time and place of suit" does not apply to a plaintiff's request for a declaration of contractual non-liability.**

Drexel's remaining argument is inapplicable to a plaintiff suing for declaration of non-liability under a contract. In *Abor v. Black*, the Texas Supreme Court held that under the Act, a trial court has "jurisdiction over declarations of non-liability of a potential defendant in a *tort* action," but that "the trial court

7

should have declined to exercise such jurisdiction because it deprived the real plaintiff of the traditional right to choose the time and place of suit." 695 S.W.2d 564, 566 (Tex. 1985) (orig. proceeding) (emphasis added). This is so because, as our sister court has explained, "only a plaintiff may seek redress for a tort. But in a contract case, either party may breach the agreement and either party may sue for a breach or a judicial determination of rights under the contract." *Hartman v. Sirgo Operating, Inc.*, 863 S.W.2d 764, 767 (Tex. App.—El Paso 1993, writ denied). Thus, the rule announced in *Abor* does not apply to a suit in which the plaintiff seeks a declaration of non-liability under a contract. *See, e.g.*, *MBM Fin. Corp.*, 292 S.W.3d at 668 ("Extending the bar against declarations of non-liability from tort to contract cases would drastically handicap declaratory-judgment practice in Texas."); *Transp. Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 231 (Tex. App.—Dallas 2012, no pet.) ("Under the Texas Act, either party may seek declaratory relief if there is a question regarding rights, status, or other legal relations arising under a written contract."); *Beard v. Endeavor Natural Gas, L.P.*, No. 01-08-00180-CV, 2008 WL 5392026, at *5 (Tex. App.—Houston [1st Dist.] Dec. 19, 2008, pet. denied) (mem. op.) (rejecting argument that "preemptive" suit for declaration of non-liability under a contract is an improper use of the Act); *Trinity Universal Ins. Co. v. Sweatt*, 978 S.W.2d 267, 271 (Tex. App.—Fort Worth 1998, no pet.) (declining to extend the rule announced in *Abor* to contract actions and noting that "[c]onstruction and validity of contracts are the most obvious and common uses of the declaratory[-]judgment action"). *See also Haworth*, 300 U.S. at 244, 57 S. Ct. at 465, 81 L. Ed. 617 ("[T]he character of the controversy and of the issue to be determined is essentially the same whether it is presented by [either party to the contract]. . . . It is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative.").

In making the contrary argument, Drexel relies on a case in which a plaintiff who asserted both contract and tort claims moved to nonsuit a case after the defendant asserted a counterclaim for declaratory judgment. *See In re Hanby*, No. 14-09-00896-CV, 2010 WL 1492863 (Tex. App.—Houston [14th Dist.] Apr. 15, 2010, orig. proceeding) (per curiam) (sub. mem. op.). The case is distinguishable.

In *Hanby*, we did not address questions of justiciability, ripeness, or even the prevention of forum-shopping in contract cases as Drexel seems to argue. We instead addressed the narrower question of whether a defendant's request for a purely defensive declaratory judgment on contract issues could prevent a plaintiff who had asserted both contract and tort claims from taking a non-suit of the entire case. *See id.*, 2010 WL 1492863, at *1–3. In so doing, we followed the Texas Supreme Court's opinion in *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990) (orig. proceeding). *Under BHP Petroleum*, a counterclaim for declaratory relief that simply raises defenses to the claims pleaded by the plaintiff does not impair the plaintiff's right to a nonsuit, whereas a counterclaim that requests affirmative relief—that is, one that goes beyond a defense to the claims raised in the plaintiff's live pleading—survives a nonsuit of the plaintiff's claim. *See id.* at 841 & n.8 However, in certain instances a "defensive" declaratory judgment will survive a nonsuit when there are continuing obligations between the parties. *See id*. In *Hanby*, we concluded that the counterclaim did not seek a declaration concerning an ongoing obligation. *Hanby*, 2010 WL 1492863, at *3. Here, however, Edgewood has an ongoing obligation to pay Drexel upon the sale of the building; the issue in controversy is whether Edgewood must sell the building at a particular time or must pay Drexel a portion of some hypothetical sales proceeds if it fails to sell the building within that time. *Hanby* therefore does not control.

We accordingly overrule the sole issue presented for our review.

## IV. CONCLUSION

Because the trial court did not err in denying Drexel's motion to dismiss Edgewood's suit for lack of subject-matter jurisdiction, we affirm the trial court's order.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Donovan, and Brown.