# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00299-CV

Suvi Orr, Appellant

v.

The University of Texas at Austin, Gregory L. Fenves, Judith Langlois, and
Shelby Stanfield, in their official capacities only, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-14-000465, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the University of Texas at Austin revoked her Doctor of Philosophy degree,

Suvi Orr sued the University of Texas at Austin and Gregory L. Fenves, Judith Langlois, and

Shelby Stanfield, in their official capacities (collectively UT), challenging UT's investigation and

decision-making process and alleging that UT had violated her due course of law rights. *See* Tex.

Const. art. I, § 19.[1]  After UT restored Orr's degree and initiated its student discipline process to

address allegations that Orr had engaged in scientific misconduct, UT filed a plea to the jurisdiction

asserting that Orr's claims were moot.  The district court granted the plea.

---

[1] Consistent with the parties' briefing, we use the terms "due process" and "due course of law" interchangeably.  *See University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) (regarding Texas Constitution's term "due course" and United States Constitution's term "due process" to be "without meaningful distinction"); *see also* U.S. Const. amend. XIV, § 1.

On appeal, Orr challenges the district court's ruling, arguing (1) her suit is not moot because it is too early to determine if UT's new proceeding will satisfy due process, and (2) the "availability of declaratory relief and attorney fees and costs 'breathes life' into [her] claims against UT." For the following reasons, we affirm the district court's order granting UT's plea.

**BACKGROUND**

Suvi Orr earned her doctoral degree from the University of Texas at Austin (UT Austin) in 2008. In 2012, UT Austin informed Orr that allegations of scientific misconduct concerning her degree had been made against her. A committee was then formed to investigate the allegations. After an investigation, the committee submitted its findings to UT Austin's Executive Vice President and Provost, who referred the findings to Orr's dissertation committee. The dissertation committee determined that, based on the investigation's findings, Orr's degree was awarded improperly and should be revoked. On February 3, 2014, UT Austin's Senior Vice Provost and Dean of Graduate Studies notified Orr that her degree would be revoked; Orr's degree was then revoked on February 12, 2014.

Orr filed suit two days later, asserting that UT's process in connection with its investigation and decision to revoke her degree was insufficient to meet minimum constitutional standards under the Texas Constitution's due course of law provision. *See* Tex. Const. art. I, § 19. Orr sought temporary and permanent injunctive relief to prevent UT from revoking her degree and from violating her constitutional rights. *See* Tex. Civ. Prac. & Rem. Code § 65.011 (outlining grounds for injunctive relief generally).

2

The same day that Orr filed suit, Orr and UT entered into a Rule 11 agreement specifying that UT would restore Orr's degree "subject to further discussions regarding additional process." *See* Tex. R. Civ. P. 11. The Rule 11 agreement also states that "[t]he parties have also agreed to discuss providing Ms. Orr with additional process to challenge UT Austin's actions as a possible resolution to this litigation" and "that any such agreement requires further discussions and consideration by the parties." In a subsequent letter sent approximately two weeks later, UT informed Orr that it would "be initiating the student discipline process to address the findings of an investigative committee and the Provost that Suvi Orr engaged in scientific misconduct and the subsequent recommendation of her dissertation committee that her Ph.D. be revoked." Enclosed with this letter was a copy of the governing procedures for the student discipline process.

On April 9, 2014, UT filed a plea to the jurisdiction, alleging that UT's restoration of Orr's degree and its initiation of the student discipline process to consider the allegations against her had mooted her claims. UT urged that the additional process satisfied the due course of law clause and that "this additional process rendered Orr's single cause of action moot because she is being provided all the relief that she seeks in this lawsuit." Orr did not file a response to UT's plea, but she amended her petition on April 30, 2014, to add requests for declaratory relief and attorney's fees under the Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code §§ 37.001–.011. Although she did not amend her factual allegations to include a complaint concerning UT's student discipline process, Orr sought declarations that she "is entitled to rights under article I, section 19 of the Texas Constitution" and "that Defendants have violated Plaintiff's

said rights." After a hearing on May 1, 2014, the trial court granted the plea without stating the grounds for its ruling and dismissed Orr's claims. Orr then brought this appeal.

## STANDARD OF REVIEW

Whether a court has subject matter jurisdiction is a question of law, which we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus on the plaintiff's petition to determine whether the facts that were pleaded affirmatively demonstrate that subject matter jurisdiction exists, and we construe the pleadings liberally in favor of the plaintiff. *Id.* If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the pleadings and the evidence that is related to the jurisdictional inquiry. *Id.* at 227 (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)).

## ANALYSIS

### Mootness

"Standing is a constitutional prerequisite to maintaining suit." *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001). A court has no jurisdiction over a claim made by a plaintiff who lacks standing and as such must dismiss it. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150–51 (Tex. 2012). "For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings." *Lara*, 52 S.W.3d at 184. "If a controversy ceases to exist—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Id.* (citation omitted); *see In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (noting case becomes moot if controversy ceases to exist between

4

parties); *Texas Health Care Info. Council v. Seton Health Plan Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied) ("A case becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy."). If a case becomes moot, the parties lose standing to maintain their claims. *Lara*, 52 S.W.3d at 184; *see Texas Health Care Info. Council*, 94 S.W.3d at 846 ("The mootness doctrine dictates that courts avoid rendering advisory opinions by only deciding cases that present a 'live' controversy at the time of the decision.").

In her first issue, Orr argues that her due course of law claim is not moot because she "has **not** received all of the relief that she seeks" in this claim. Orr does not dispute that UT has restored her degree and initiated its student discipline process to address the scientific misconduct charges against her but urges that this proceeding "is in its infancy and UT has withheld critical details regarding the new proceedings." Orr's factual allegations in her pleadings, however, do not address UT's student discipline process; they address UT's past action of allegedly revoking her degree "without due process." *See Miranda*, 133 S.W.3d at 227 (considering pleadings and evidence that is related to the jurisdictional inquiry to determine trial court's jurisdiction). Based on UT's alleged past conduct, Orr seeks injunctive relief "enjoining the Defendants from violating [her] rights under the Texas Constitution" and declarations that she "is entitled to rights under Article I, Section 19 of the Texas Constitution" and that "Defendants have violated [her] said rights."[2]

---

[2] Orr does not seek money damages against UT, limiting her request for relief to injunctive and declaratory relief. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002) ("Sovereign immunity protects the State from lawsuits for money damages.").

The foundation for Orr's request for relief is UT's alleged revocation of her degree without procedural due process.[3] "[T]he remedy for the denial of due process is due process," which at a minimum requires "notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *See University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 931, 933 (Tex. 1995). Thus, assuming that Orr is entitled to procedural due process, her relief for her allegations would be "a fair hearing with notice of the charges and evidence to be used against [her] with an opportunity to defend against the charges." *See id*. at 933–34 (citing *Perry v. Sindermann*, 408 U.S. 593, 603 (1972), for its holding that "upon proof of protected interest, professor whose contract was not renewed is not entitled to reinstatement but to hearing comporting with due process"). UT's undisputed evidence, however, established that UT went beyond the remedy of due process by restoring Orr's degree. In this context, Orr's pleadings do not identify a "legally cognizable interest" in obtaining any prospective relief as to UT's past investigation and decision-making process. *See Lara*, 52 S.W.3d at 184 (concluding plaintiffs "lack a legally cognizable interest in obtaining injunctive or declaratory relief" and that claims were moot because plaintiffs "no longer face the unconstitutional conduct about which they complain, and thus any prospective relief we might grant cannot help them"); *Texas Health Care Info. Council*, 94 S.W.3d

---

Sovereign and governmental immunity generally do not shield a political subdivision and state officials from suit for equitable relief based on alleged constitutional violations. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 368 (Tex. 2009) (concluding that "while governmental immunity generally bars suits for retrospective monetary relief, it does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions"); *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 391 (Tex. 2007) (reaffirming that "governmental entities may be sued for injunctive relief under the Texas Constitution").

[3] In her reply brief, Orr states that her suit "does not challenge *future* discipline that UT may or may not institute against her."

6

at 846 (requiring "live" controversy at time of court's decision). Thus, we conclude that Orr's due course of law claim is moot and that she does not have standing to maintain it.[4]

Although Orr's amended petition does not address the student discipline process that UT initiated after her suit was filed, Orr urges on appeal that her suit is still "live" in the sense that it is too early to determine if the new proceeding will comport with the due course of law clause. UT responds that claims concerning the student discipline process are unripe and would require this Court to issue an advisory opinion. *See Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011) ("Ripeness 'is a threshold issue that implicates subject matter jurisdiction . . . [and] emphasizes the need for a concrete injury for a justiciable claim to be presented.'" (quoting *Patterson v. Planned Parenthood,* 971 S.W.2d 439, 442 (Tex. 1998)); *Planned Parenthood*, 971 S.W.2d at 444 (holding that "the essence of the ripeness doctrine is to avoid premature adjudication of just such a situation; to hold otherwise would be the essence of an advisory opinion, advising what the law would be on a hypothetical set of facts"). At this point, Orr's degree is intact, and any alleged injury based on the new proceeding remains contingent. *See Robinson*, 353 S.W.3d at 755. Thus, we conclude that,

---

[4] In her reply brief, Orr cites cases discussing the voluntary-cessation doctrine. *See, e.g.*, *Drexel Corp. v. Edgewood Dev., Ltd.*, 417 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (describing voluntary-cessation doctrine and concluding UDJA claim was not moot because party "has retained an 'unfettered ability' to insist that [other party] make payments that [other party] denies it owes" under contract between parties); *Lakey v. Taylor*, 278 S.W.3d 6, 12 (Tex. App.—Austin 2008, no pet.) (concluding "Department may not moot this appeal by voluntarily abandoning the policy at issue 'without any binding admission or extrajudicial action that would prevent a recurrence of the challenged action'"). Although UT might decide to revoke Orr's degree at some point in the future, Orr does not dispute that UT has restored her degree and initiated the student discipline process to address the scientific misconduct allegations against her, which process she does not challenge in her pleadings. She also is not challenging any future discipline in this suit. In this context, we do not find cases addressing the voluntary-cessation doctrine applicable.

even if Orr had alleged injury concerning the student discipline process in her amended petition, this allegation would not have conferred jurisdiction on the district court. *See id*. We overrule Orr's first issue.

**Claim for Attorney's Fees under UDJA**

In her second issue, Orr asserts that, even if her claims "on the merits" are moot, her request for attorney's fees under the UDJA "keeps this case 'alive.'" Orr amended her petition to include a request for declaratory relief and attorney's fees under the UDJA one day before the trial court's hearing on UT's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 37.009 (authorizing court to award costs and reasonable and necessary attorney's fees as are equitable and just).

The Texas Supreme Court has held that a claim for attorney's fees under the UDJA "breathes life" into an appeal and prevents it from being moot when the substantive claims are mooted during the pendency of the case. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642–43 (Tex. 2005) (concluding that "[party]'s remaining interest in obtaining attorney's fees 'breathes life' into appeal and prevents it from being moot"); *Camarena v. Texas Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (concluding "'live' issue in controversy is whether or not the [parties] have a legally cognizable interest in recovering their attorney's fees and costs"). In those cases, however, the trial court had jurisdiction over the substantive claims before they became moot and the claims for attorney's fees were pending at the time the substantive claims became moot. *See, e.g.*, *Hallman*, 159 S.W.3d at 641 (addressing mootness after underlying litigation concluded during pendency of case in context of declaratory judgment action in which both parties sought attorney's fees and

8

dispute concerned coverage under insurance policy); *Camerena*, 754 S.W.2d at 150 (addressing mootness after statute amended to rectify challenged provision in context of declaratory judgment action in which plaintiff sought attorney's fees and challenged statute's constitutionality).

The UDJA "does not extend a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature." *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *see Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (noting that UDJA is "merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power, permitting the rendition of advisory opinions"). A declaratory judgment action "does not vest a court with jurisdiction 'to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication.'" *See Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126, 130–31 (Tex. App.—Austin 2007, no pet.) (quoting *Firemen's Ins. Co. v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968)).

In contrast to the procedural posture of the cases cited above in which a party's request for attorney's fees under the UDJA was "live," Orr amended her petition to add her request for declaratory relief after her due course of law claim requesting injunctive relief was already moot. Thus, the due course of law claim was not available to support the district court's jurisdiction to consider her UDJA claims, including her claim for attorney's fees. *See Texas Dep't of Pub. Safety v. Salazar*, No. 03-11-00478-CV, 2013 Tex. App. LEXIS 13400, at *23 n.7, 37 (Tex. App.—Austin Oct. 31, 2013, pet. denied) (mem. op.) (concluding that district court did not have jurisdiction over

9

UDJA claims, including claims for attorney's fees, and noting that "issue of attorney's fees could only be a live dispute if the district court had jurisdiction over the declaratory claims to begin with"); *see also IT-Davy*, 74 S.W.3d at 855; *Bexar Metro. Water Dist.*, 234 S.W.3d at 130–31.

Because Orr's due course of law claim was already moot when Orr amended her petition to request declaratory relief and attorney's fees, we conclude that the district court did not have a jurisdictional basis to consider Orr's UDJA claims, including her request for attorney's fees.[5] *See Bexar Metro. Water Dist.*, 234 S.W.3d at 130–31; *Strayhorn v. Raytheon E-Sys., Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied) ("To establish jurisdiction under the UDJA, a party must plead the existence of an 'underlying controversy' within the scope of section 37.004 of the civil practice and remedies code."); *see, e.g.*, *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 670 (Tex. 2009) (stating rule that "a party cannot use [UDJA] as a vehicle to obtain otherwise impermissible attorney's fees"). Thus, we overrule Orr's second issue.

**Opportunity to Cure Jurisdictional Deficiencies**

Orr urges that, even if her claims as currently pleaded are moot, this Court should reverse the district court's order and remand the case to the district court to provide her with an opportunity to cure any jurisdictional deficiencies in her pleadings. A party, however, is not entitled to the opportunity to cure a pleading defect when it is not possible to cure the defect. *Texas A&M*

---

[5] Although UT does not raise this precise argument, we consider it sua sponte. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95–96 (Tex. 2012) (holding that subject matter jurisdiction may be raised for first time on appeal); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (holding that subject matter jurisdiction may be raised for first time on appeal by court).

*Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see Texas State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 707–08 (Tex. App.—Austin 2013, no pet.) (noting that "jurisdictional defect [would not] be curable at this juncture, as the underlying controversy is now moot"); *see also Miranda*, 133 S.W.3d at 227 (noting that plea to jurisdiction may be granted without allowing plaintiff opportunity to amend if pleadings affirmatively negate existence of jurisdiction). As previously noted, Orr amended her petition to add a request for declaratory relief and attorney's fees under the UDJA after UT had already restored her degree and her constitutional claim was moot, and she does not challenge future discipline that UT may or may not institute against her in this suit. In this context, because the underlying controversy concerning UT's past revocation of Orr's degree is moot, the jurisdictional defect in Orr's pleadings is not curable. *See Giggleman*, 408 S.W.3d at 707–08. Thus, we deny Orr's request to remand this case to the district court to allow her an opportunity to cure the jurisdictional deficiencies in her pleadings.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order granting UT's plea to the jurisdiction.

_____
Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: September 23, 2015

11