Nataliya **SHAHIN**, Appellant

v.

**MEMORIAL HERMANN HEALTH SYSTEM, Appellee**

**NO. 01-16-00128-CV**

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued June 15, 2017

James Craig Orr, Jr., Eric D. Pearson, HEYGOOD, ORR & PEARSON, 6363 North State Highway 161, Suite 450, Irving, TX 77503, for Appellant.

Craig Smyser, Christina A. Bryan, Justin M. Waggoner, Michelle S. Stratton, SMYSER KAPLAN & VESELKA, L.L.P., 700 Louisiana Street, Suite 2300, Houston, TX 77002, for Appellee.

Panel consists of Justices Keyes, Higley, and Lloyd.

## OPINION

Russell Lloyd, Justice

Nataliya Shahin, appellant, appeals the trial court's order granting Memorial Hermann Health System's plea to the jurisdiction which dismissed her claim for declaratory relief without prejudice. While the trial court did not specify any grounds in the order, appellee's plea to the jurisdiction argued that appellant's claim (1) was not ripe because the statement amount was subject to charitable discount or write-off, and (2) would not resolve any controversy between the parties because she asks only if appellee may charge reasonable rates under the contract, not whether her particular charges were unreasonable. Appellant argues: (1) her claim is ripe because appellee has already determined how much to charge her, and has declared the balance due under threat of collection efforts; and (2) a declaration would resolve a controversy, namely whether appellee may only charge a reasonable value for the medical treatment rather than charging

based on its standard "Chargemaster" list price. We affirm.

## Background

Appellant sought emergency medical care for chest pain from Memorial Hermann Memorial City Medical Center. Appellant is uninsured, and while she discussed payment options with appellee, they did not agree on a method of payment. In her admission paperwork she had assumed responsibility for payment of medical care provided to her, the bill for which totaled $5,551.75. Appellant paid $300 towards the outstanding charges, but did not make any attempt to seek financial assistance, although such assistance was available.[1] Appellant made no further payments nor submitted any additional paperwork to appellee.

Appellant's bill was based on appellee's Chargemaster rates, which is a list of services provided by the hospital with a predetermined charge for each service. Appellant filed a declaratory judgment action against appellee seeking a determination that she could only be charged "the reasonable value of the treatment [appellee] provides" and that the "Chargemaster" rates do not reflect the reasonable value of treatment because the hospital accepts lower rates of payment from some private and government insurers. Appellant sought class action certification for those patients who are charged for drugs and services under the Chargemaster rates, but who do not have their bills written off or reduced. Appellee moved to dismiss the case for lack of jurisdiction as the claim (1) was "not ripe" because the statement amount was subject to "charitable discount

1. The "Financial Responsibilities clause provides: '[i]f the patient may be eligible for free or discounted hospital services, patient agrees to comply with the eligibility requirements of the hospital's financial assistance policy which requires submission of an application and determination that the patient qualifies for financial assistance.'"

or full write-off," and (2) the suit would not resolve any controversy between the parties because appellant asks only if appellee hospital may charge " 'reasonable' rates for their medical services," not whether her particular charges were unreasonable.

At the hearing the parties and trial court examined the language included in appellant's bill. Appellant argued that the statement "has a due date, it has a balance due, and it has a threat that the account will be continued through collection efforts." In appellant's briefing, she pointed out the following language: " 'we are asking for payment in full'; 'PAY THIS AMOUNT: $5.251.75'; 'BALANCE DUE: $5.251.75'; 'DUE DATE: 10.9.15'; 'If no response is received, your account will continue through collection efforts.' " The trial court read into the record the following language from the bill:

> THE COURT: ... We offer a variety of payment options, as well as Financial Assistance. If you are unable to pay the balance in full at this time, please contact our office to discuss which options you may qualify for.

Appellee informed the trial court that at the time of the hearing it had not tried to collect these funds from appellant. The trial court stated that it viewed the medical bill as too contingent to present a controversy that was ripe for adjudication because the medical statement offered options for reduction, and appellee had not immediately demanded payment.

The trial court made no reference to appellee's second issue asserting that the declaratory judgment action would not adjudicate a controversy between the parties. While appellant sought a declaration that appellees should be required to charge only "reasonable rates," she did not ask the trial court to determine whether or not the Chargemaster rates were reasonable.

Appellee maintains that the rates are reasonable.

The court's order did not specify any ground for its ruling, and appellant did not request findings of fact and conclusions of law. This appeal followed.

## A. Legal Principles

██ A plea to the jurisdiction challenges the subject matter jurisdiction of the court. If the trial court does not have subject matter jurisdiction, the court does not have their authority to consider the matter. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999). The trial court's ruling on a plea to the jurisdiction is a legal question and it is reviewed under a de novo standard of review. *City of Hous. v. HS Tejas, Ltd.*, 305 S.W.3d 178, 183 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *see Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). It is the plaintiff's burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In determining whether the plaintiff has met this burden, we look to the allegations in the plaintiff's pleadings, accept them as true, and construe them in favor of the plaintiff. *Miranda*, 133 S.W.3d at 226. We review the actions of the trial court based upon the materials before it at the time it acted. *See Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 272 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

██ We do not look to the trial court's oral comments, but to the trial court's written order to determine which grounds may be used to support the trial court's judgment. *Richardson v. Johnson & Higgins of Texas, Inc.*, 905 S.W.2d 9, 11–12 (Tex. App.—Houston [1st Dist.] 1995, writ denied). If the grounds are not specified in the order, then appellant must show that

each independent ground is insufficient to support the order. *Id.* at 11. Because the trial court's order did not specify any ground, and appellant did not request findings of fact and conclusions of law, we examine the court's ruling to determine whether that ruling is supported by any of the legal arguments and authorities brought before the trial court.

## B. Ripeness

In her first issue, appellant asserts "a justiciable controversy exists as to whether the hospital has overcharged plaintiff under the terms of the parties' contract." Appellant argues the claim is ripe because "[appellee] has already determined how much it is charging plaintiff, has already billed the plaintiff, has already demanded payment, and has already declared the balance to be due under threat of 'collection efforts.'"

Appellee asserts that whether appellant will ultimately pay the full $5,551.75 is uncertain and will depend on the amount of financial assistance she receives, and that she is contractually obligated to apply for such assistance. Appellee argues appellant's claim "is unripe because her alleged *future* injury ... is contingent upon an uncertain and remote event: a determination by [appellee] that [appellant] is ineligible for a discount or full write-off of her medical costs and thus owes [appellee] payment based on the standard Chargemaster rates."

### 1. Applicable Law

■■ Declaratory judgment is appropriate when a justiciable controversy exists between the parties, and the entire controversy may be determined by judicial declaration. *See Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 873 (Tex. App.—Dallas 2005, no pet.) (citing *Scurlock Permian Corp. v. Brazos Cty.*, 869 S.W.2d 478, 486 (Tex. App.—Houston [1st

Dist.] 1993, writ denied)). "A declaratory judgment action may encompass the future rights of parties pursuant to a contract when the 'ripening seeds' of a controversy are present." *Bencor, Inc. v. Variable Annuity Life Ins. Co.*, No. 01-09-00094-CV, 2011 WL 1330818, at *5 (Tex. App.—Houston [1st Dist.] Apr. 7, 2011, pet. denied) (mem. op.). If the case resolution depends upon events that have not yet come to pass, then the unripe claim is remote, conjectural, or hypothetical. *City of Hous. v. Norcini*, 317 S.W.3d 287, 292 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000)).

Courts have held that a real controversy can exist over the amount of the debt, even if collection has yet to occur, especially if the creditor has an unfettered ability to collect the full amount of the debt. *Drexel Corp. v. Edgewood Dev., Ltd.*, 417 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (contending demand letter requesting contractually owed payment within thirty days was live controversy sufficient for declaratory action); *Beard v. Endeavor Nat. Gas, L.P.*, No. 01-08-00180-CV, 2008 WL 5392026, at *5 (Tex. App.—Houston [1st Dist.] Dec. 19, 2008, pet. denied) (mem. op.) (opining real controversy existed over proper amount of royalty checks owed).

Because of the nature of medical billing, a medical statement may or may not be a final bill that a medical provider can collect on. The Supreme Court of Texas has addressed this concern:

> [I]t has become increasingly difficult to determine what expenses are reasonable. Health care providers set charges they maintain are reasonable while agreeing to reimbursement at much lower rates determined by insurers to be reasonable, resulting in great disparities

between amounts billed and payments accepted.

*Haygood v. De Escabedo*, 356 S.W.3d 390, 391 (Tex. 2011). To determine the amount "paid or incurred" under [section 41.0105 of Texas Civil Practice and Remedies Code], a court "excludes the difference between such amount and charges the service provider bills but has no right to be paid." *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 638 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *Haygood*, 356 S.W.3d at 396–97; Tex. Civ. Prac. & Rem. Code Ann. § 41.0105 (West 2015)). Haygood was not allowed to present the rates charged to uninsured patients as evidence of recovery. *Haygood*, 356 S.W.3d at 393, 398–99. The majority opinion did not, however, address how an uninsured patient could present evidence of the rates he or she paid or incurred. *See id.*

Other courts have held that an uninsured's statement or charitable write-off statement can also be a bill sufficiently definite to be recoverable. Applying *Haygood* to the uninsured context, the Fourteenth Court of Appeals considered whether a medical bill based on the gross amounts owed by the patient to the hospital—showing no adjustments—can be properly introduced as a basis for recovery. *Metro. Transit Auth. v. McChristian*, 449 S.W.3d 846, 852–54 (Tex. App.—Houston [14th Dist.] 2014, no pet.). In *McChristian*, the patient was identified as being uninsured in the medical records; Metro's attorney suggested that a medical bill showing no adjustment satisfied the plaintiff's burden of "demonstrat[ing] amounts actually paid [or] incurred" and McChristian testified that the bills were his responsibility and remained unpaid. *Id.* at 853–54. The court held that evidence of whether the necessary adjustments have been made to the bill "can come from stipulations; the face of medical bills and records themselves; affidavits; testimony; or some

combination of these sources." *Id.* at 853. The record did not provide any evidence that the billing was for "list" prices, for which the hospital had no right to be paid, and the trial court did not err in allowing the medical billing as evidence of medical expenses. *Id.* at 854.

Similarly, even if the entire amount is charitably written-off, the Fifth Court of Appeals has held that a medical statement which has been reduced may serve as a basis for recovery. *Big Bird Tree Servs. v. Gallegos*, 365 S.W.3d 173, 176–77 (Tex. App.—Dallas 2012, pet. denied). In *Big Bird Tree Services*, the cost was born by a charity, but the charity would recover its expenses if Gallegos recovered. *Id.* at 175–76. Because no contract restricted the charity or hospital rates, the court could not "conclude the hospital was not 'entitled' to recover for the actual value of the services rendered." *Id.* at 177. Additionally, as the court explained, "[a]llowing a negligent tortfeasor to avoid liability for medical expenses born by a charity program designed to benefit indigent patients, not only results in a windfall to the tortfeasor, it rewards the tortfeasor for injuring an indigent plaintiff." *Id.* Even though the bill had been written off, Gallegos still incurred the charges and they could be used as evidence for recovery of medical expenses. *See id.*

### 2. Analysis

■ According to appellant, appellee has already determined how much it is charging plaintiff, has already billed the plaintiff, has already demanded payment, and has already declared the balance to be due under threat of collection efforts. Collection, they assert, is not required for a claim to be ripe. *See Drexel Corp.*, 417 S.W.3d at 675–76; *Beard*, 2008 WL 5392026, at *5.

Appellee asserts that whether appellant will ultimately pay the full $5,551.75 will depend on whether she qualifies for financial assistance, for which she is obligated to apply. Appellee asserts appellant's claim is unripe because her alleged future injury is contingent upon an uncertain and remote event: a determination by appellee that appellant is ineligible for a discount or full write-off of her medical costs and thus owes appellee payment for the gross amount billed. While an uninsured or charitably written-off statement may be a sufficiently definite medical statement that can be used as evidence for the recovery of medical expenses, the medical statement in this case is not sufficiently definite. In *McChristian*, as here, the patient was uninsured and the statement shows no adjustments or write-offs. Unlike *McChristian*, where the hospital's attorney admitted the billing was sufficiently definite, appellees, here, vigorously assert the opposite. Unlike *Big Bird Tree Services*, there has been no determination as to whether the statement will be charitably written off in whole or in part. Both *McChristian* and *Big Bird Tree Services* implied that if the billing evidence consisted only of gross rates or "list" prices, the trial court would have erred in admitting the medical statements as evidence of the value of services rendered. *McChristian*, 449 S.W.3d at 854; *Big Bird Tree Servs.*, 365 S.W.3d at 177. In the case before us, the only evidence we have is the list price of the services rendered to appellant. There is no evidence of what the final charge to appellant will be.

Looking at the evidence before the trial court at the time of the hearing, the record indicates that appellant is in an earlier stage of the billing process than the patients in *McChristian* and *Big Bird Tree Services*. We must view the actions of a trial court based on the materials before it at the time it ruled. *Hamm*, 178 S.W.3d at 272. The trial court did not err by dismissing appellant's declaratory judgment claim because the court had a sufficient basis in law and fact to justify its conclusion that the controversy is not ripe for adjudication.

We overrule appellant's first issue.

## C. Declaratory Relief

In her second issue, appellant asserts "a declaration as to whether [appellee] is limited by the contract to charging only a reasonable value of the services provided would serve a useful purpose in resolving the dispute even if other, related issues remain unresolved"; which we interpret to mean a declaration would resolve a controversy, namely whether appellee may only charge for the reasonable value of the medical treatment rather than a previously calculated list price. Appellee argues a trial court's determination that it may only charge reasonable rates would be "useless" because appellant did not request a determination that the listed rates were unreasonable. In her reply brief, appellant asserts that she did make that request in her petition.

### 1. Applicable Law

"Texas courts uniformly hold that a declaratory judgment need only serve a 'useful purpose' in resolving the dispute." *Zinpro Corp. v. Ridenour*, No. 07-96-0008-CV, 1996 WL 438850, at *3 (Tex. App.—Amarillo Aug. 1, 1996, no writ) (collecting cases). Conversely, a court may "refuse to render or enter a declaratory judgment or decree if the judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding." Tex. Civ. Prac. & Rem. Code Ann. § 37.008 (West 2015).

While resolving purely factual issues is arguably useful, declaratory judgment is not the proper vehicle. *Hot-Hed,*

*Inc. v. Safehouse Habitats (Scotland), Ltd.*, 333 S.W.3d 719, 728 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). As we have previously explained:

> Fact issues in declaratory judgment proceedings may be tried and determined in the same manner that issues of fact are tried and determined in other civil actions. [*Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 699 (Tex. App.—Houston [1st Dist.] 2007, no pet.)] (citing TEX. CIV. PRAC. & REM. CODE ANN. § 37.007). "The power to determine an issue of fact, however, 'does not concomitantly carry with it the power to render such a finding of fact as a declaratory judgment.'" *Id.* (quoting *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 140 (Tex. App.—El Paso 1997, pet. denied)). If a factual dispute is the only issue to be resolved, a declaratory judgment is not the proper remedy. *Id.*

*Hot-Hed, Inc.*, 333 S.W.3d at 728 (holding whether term was eligible for trademark protection was not pure question of fact); *see Indian Beach*, 222 S.W.3d at 700 (summarizing case law distinguishing between pure questions of fact and mixed questions of law and fact); *see also Dallas Ry. & Terminal Co. v. Gossett*, 156 Tex. 252, 259, 294 S.W.2d 377, 382–83 (1956) (holding medical expenses must be reasonable and reasonableness of expenses is a question of fact); *Ramirez v. Coca-Cola Refreshments USA, Inc.*, No. 01-13-00278-CV, 2013 WL 5761315, at *3 (Tex. App.—Houston [1st Dist.] Oct. 22, 2013, no pet.) (mem. op.) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)) (holding reasonableness and necessity of attorney's fees are questions of fact); *Schuhardt Consulting Profit Sharing Plan v. Double Knobs Mountain Ranch, Inc.*, 468 S.W.3d 557, 573 (Tex. App.—San Antonio 2014, pet. denied) (citing *Grant v. Laughlin Envtl., Inc.*, No. 01-07-00227-CV, 2009 WL 793638, at *11 (Tex. App.—Houston [1st Dist.] Mar. 26, 2009, pet. denied) (mem. op.)) ("Whether an individual has engaged in unlawful or inequitable conduct is a question of fact.").

A declaratory judgment should, instead, determine "rights, status, and other legal relations," concerning a question of "construction or validity arising under [a] ... contract." TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.003, 37.004 (West 2015).

### 2. Analysis

 Appellant argues a ruling on her declaratory judgment action will serve a useful purpose because a declaration that appellee cannot use its "artificially inflated" gross rates, but must instead charge appellant only the reasonable value of services, would aid in the resolution of the dispute. Appellee argues a trial court's determination that it may only charge reasonable rates would be useless because appellant did not request a determination that the listed gross rates were unreasonable. In her reply brief, appellant argues that she did make that request.

While resolving what rates a hospital may charge patients is arguably useful, declaratory judgment is not the proper vehicle, because the question would require the resolution of a factual dispute by competent evidence. *See Hot-Hed, Inc.*, 333 S.W.3d at 728. Whether or not the rate a hospital may charge patients is reasonable is a question of fact. *See Gossett*, 156 Tex. at 259, 294 S.W.2d at 382–83; *Jackson v. Gutierrez*, 77 S.W.3d 898, 902 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Whether a hospital has been engaging in unequitable conduct by overcharging patients is also a question of fact. *See Schuhardt Consulting*, 468 S.W.3d at 573. The questions appellant asks concerning the reasonableness, necessity, and unequitable nature of the appellee's rates are all questions of fact.

Because appellant raises a controversy primarily concerning an issue of fact rather than the "rights, status, and other legal relations" of the parties, we conclude that declaratory judgment is not a proper remedy. TEX. CIV. PRAC. & REM. CODE ANN. § 37.003.

We overrule appellant's second issue.

### Conclusion

We affirm the trial court's judgment and dismiss all pending motions as moot.