**Opinion issued July 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00360-CV

———————————

**GEORGE M. BISHOP, DOUG BULCAO, SENATOR JOHN WHITMIRE, PAULA BARNETT, MARSHA W. ZUMMO, JUAN CARLOS LOPEZ DE GARCIA, SARA ENGLISH, ANTONIO LOPEZ DE GARCIA, PETER EISCHEN, MARK CEGIELSKI, MARILYN SANDERS, TOM HOLY, ROBERT STARK, D.O., BETH STARK, MAUREEN HOLY, JACK EDWARDS, AND JULIE EDWARDS, Appellants**

**V.**

**CHAPPELL HILL SERVICE COMPANY, LLC AND HIGH MEADOWS LAND & CATTLE, LLC, Appellees**

---

On Appeal from the 21st District Court
Washington County, Texas
Trial Court Case No. 35476

---

## MEMORANDUM OPINION

The appellants, George M. Bishop, Doug Bulcao, Senator John Whitmire,

Paula Barnett, Marsha W. Zummo, Juan Carlos Lopez de Garcia, Sara English, Antonio Lopez de Garcia, Peter Eischen, Mark Cegielski, Marilyn Sanders, Tom Holy, Robert Stark, D.O., Beth Stark, Maureen Holy, Jack Edwards, and Julie Edwards (collectively, "the Property Owners"), all own property in or around Chappell Hill in Washington County, Texas and sued appellees, Chappell Hill Service Co., LLC and High Meadows Land & Cattle, LLC (collectively, "CHSC"), for nuisance and other causes of action arising out of CHSC's proposed development of land in Chappell Hill. The trial court granted a plea to the jurisdiction filed by CHSC and dismissed the Property Owners' claims. In their sole issue on appeal, the Property Owners argue that the trial court erred in granting the plea and dismissing their claims without holding a hearing or allowing them an opportunity to amend their pleadings.

We affirm.

## Background

On February 6, 2012, CHSC filed an application for a new Texas Pollutant Discharge Elimination System permit ("TPDES permit") with the Texas Commission on Environmental Quality ("TCEQ"), so that it could construct a wastewater treatment facility in Chappell Hill, Texas. Notices related to the application and granting of the TPDES permit were published in the *Brenham Banner-Press* in 2012, and certain interested parties, including some of the

Property Owners, challenged CHSC's permit application following the procedures set out by the TCEQ.

On December 3, 2013, the Property Owners filed suit in the trial court, raising multiple complaints about CHSC's construction of the wastewater treatment facility and the TPDES permit. They sought a "declaratory judgment of their rights under the Texas Water Code, the Federal Clean Water Act, [and] section 37.004 et seq[.] of the Texas Civil Practices and Remedies Code." Several of the Property Owners alleged that they had not received proper notice for the permit application. The Property Owners also asserted that the discharge of wastewater would affect their property values and quality of life and would constitute a nuisance.

The Property Owners also complained about CHSC's plans to develop approximately 102 acres near Chappell Hill owned by appellee High Meadows Land and Cattle, LLC. The Property Owners argued that the "the noise, congestion, pollution and increased crime caused by the construction, development and inconvenience of 663 single family homes, 80 apartments, 1 hotel with 60 rooms, 244,200 square feet of commercial space, 4 restaurants and 2 medical offices" are potential nuisances caused by CHSC's proposed development. Thus, they also alleged "that the development proposed by the Defendants in their application for a permit would constitute a nuisance to those people already living

3

in Chappell Hill," particularly as there was "the potential to place a [Municipal Utility District, or "M.U.D."] in Chappell Hill." The Property Owners also supplemented their petition twice, asserting that the proposed development would affect the area's water resources, cause light pollution and other nuisances, and damage Chappell Hill's designation as a National Historic District. Finally, two of the Property Owners included a suit for declaratory judgment of their rights under Texas Natural Resource Code section 21.001(3).

The Property Owners filed, attached to their petition, a copy of the "Justification for Plant Construction" that CHSC had filed with the TCEQ as part of its TPDES permit application. This document explained the purpose and capacity of the proposed wastewater treatment facility. In relevant part, it stated:

> CHSC Plant No. 1 will have 663 single family connections, 80 apartment connections, four (4) restaurant connections with a total of 41,563 square feet, one (1) hotel with 60 rooms, 84,061 square feet of commercial connections, 244,200 square feet of retail connections, 49,000 square feet of office connections, and two (2) medical office connections as wastewater connections at buildout.

The Property Owners also provided several maps and surveys of the wind direction in the area affected by the proposed wastewater facility.

On December 6, 2013, the TCEQ granted CHSC's TPDES permit to build the wastewater facility.

On December 17, 2013, CHSC filed its "Motion to Transfer Venue, Plea to the Jurisdiction, and Original Answer." It asserted in its motion to transfer venue

4

that the Property Owners' complaints regarding water quality, environmental impacts, and notice and hearing requirements arising from the TPDES permit fell within the exclusive jurisdiction of the TCEQ, and any judicial review of TCEQ decisions must be brought in Travis County. *See* TEX. WATER CODE ANN. § 5.351 (Vernon 2008). CHSC also filed special exceptions to various portions of the Property Owners' petition, arguing in relevant part that the Property Owners' nuisance claims were not ripe. Finally, in its plea to the jurisdiction, CHSC asserted that the TCEQ has exclusive jurisdiction over the Property Owners' claims "arising out of the anticipated discharge of treated wastewater effluent into waters of the State." CHSC argued that because the Property Owners had not first sought redress in accordance with Texas Water Code section 5.351, they had failed to exhaust their administrative remedies, thereby depriving the trial court of jurisdiction. CHSC attached a copy of the TPDES permit granted by the TCEQ.

The trial court notified the parties that it had set a hearing on the plea to the jurisdiction for January 29, 2014. However, none of the Property Owners appeared at the hearing. The trial court's docket sheet reflected that the court decided to "rule [on the plea to the jurisdiction] by submission." Accordingly, on February 5, 2014, the trial court requested that the parties submit briefs on the plea to the jurisdiction by noon on February 18, 2014.

CHSC filed a brief on its plea to the jurisdiction on February 18, 2014. In the brief, CHSC argued that the trial court lacked jurisdiction over all of the Property Owners' claims because the TCEQ and the district courts of Travis County have exclusive jurisdiction over claims related to the TPDES permit, and none of the remaining claims were ripe "under the well-established ripeness doctrine for tort, property, and takings claims." It also asserted that no construction had been commenced that was even tangentially related to the TPDES permit and no other construction or development of the proposed building had begun.

The trial court granted the plea to the jurisdiction on February 18, 2014. On February 19, 2014, the Property Owners filed their brief in response to CHSC's plea. They construed their case as "seeking relief for property damage, annoyance, nuisance, declaratory judgment, equitable relief and a declaration of the rights of two Plaintiffs under the Natural Resources Code" and asserted that they were not asking the trial court to overturn the TPDES permit. The Property Owners also complained about CHSC's plea seeking to dismiss their claims without presenting evidence and without allowing them to present any evidence. They specifically requested a hearing at which they could present evidence. The Property Owners attached the response of the TCEQ's executive director to a motion to overturn the granting of CHSC's TPDES permit. In this response, the executive director

6

recommended that the TCEQ deny the motion to overturn. The Property Owners did not provide any other evidence with their response to the plea to the jurisdiction.

The Property Owners moved for rehearing on March 11, 2014, generally reasserting the grounds set out in their response. The trial court convened a hearing on April 8, 2014, and again concluded that it did not have jurisdiction. This appeal followed.

## Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When reviewing a trial court's ruling on a jurisdictional plea, "we first look to the pleadings to determine if jurisdiction is proper, construing them liberally in favor of the plaintiffs and looking to the pleader's intent," and "we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *City of Waco v. Kirwan*, 298 S.W.3d 618, 621–22 (Tex. 2009). In considering this jurisdictional evidence, we "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* at 622. We do not adjudicate the substance of the case but instead determine whether a court has the power to reach the merits of the claim. *City of Houston v. S. Elec. Servs., Inc.*, 273 S.W.3d 739, 744 (Tex. App.—

7

Houston [1st Dist.] 2008, pet. denied) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). If the pleadings affirmatively negate the existence of jurisdiction, the plea may be granted without allowing the plaintiff an opportunity to amend his pleadings. *Miranda*, 133 S.W.3d at 227. If the relevant evidence is undisputed or fails to raise a fact issue as to jurisdiction, the trial court rules on the plea as a matter of law. *Id.* at 228.

### Plea to the Jurisdiction

In their sole issue on appeal, the Property Owners contend that the trial court erred in granting CHSC's plea to the jurisdiction and dismissing their suit without holding an evidentiary hearing and without giving them an opportunity to amend their pleadings.

### A. Lack of Evidentiary Hearing on the Plea to the Jurisdiction

First, the Property Owners assert that the trial court erred in not conducting an evidentiary hearing on the plea to the jurisdiction. We disagree. Texas law does not require an evidentiary hearing on pleas to the jurisdiction; rather, the law directs trial courts to consider evidence produced by the parties when necessary. *See, e.g.*, *Kirwan*, 298 S.W.3d at 621–22 (holding that courts "consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised"); *Blue*, 34 S.W.3d at 555 (holding same). This law notwithstanding, the trial court scheduled a hearing on the plea to the jurisdiction, and the record

indicates that all of the parties received notice of the hearing but none of the Property Owners appeared.

Furthermore, nothing in the record indicates that the Property Owners were prevented from presenting evidence to the trial court. They attached evidence to their response to CHSC's plea to the jurisdiction, and they do not identify any evidence that they were unable to present to the trial court. Nor do they present any evidence that the trial court refused to consider the relevant evidence submitted by the parties.

Finally, we note that the Property Owners do not challenge the merits of the trial court's ruling on the plea to the jurisdiction—they complain only that they were entitled to an evidentiary hearing and to an opportunity to amend. We hold that the Property Owners were not entitled to an evidentiary hearing and that the clerk's record contains all of the evidence adduced by the parties. Thus, we conclude that trial court did not err in ruling on the plea to the jurisdiction based on, as it stated in its order, its consideration of the plea, the Property Owners' Original and Supplemental Petitions, the parties' arguments, and the controlling legal authorities.

## B. Lack of Opportunity to Amend

The Property Owners further argue that the trial court erred in dismissing their claims without allowing them the opportunity to amend their pleadings.

9

However, a trial court may grant a plea to the jurisdiction without allowing the plaintiff an opportunity to amend his pleadings if the pleadings affirmatively negate the existence of jurisdiction. *Miranda*, 133 S.W.3d at 227. Thus, we now consider whether the Property Owners' pleadings affirmatively negate the existence of jurisdiction.

### 1. *Pleadings seeking jurisdictional review of TCEQ decisions*

The Property Owners' original and supplemental petitions identify one specific action that CHSC has already undertaken—that of applying for and obtaining the TPDES permit from the TCEQ. CHSC argued in the trial court that any claims arising out of the TCEQ's grant of the TPDES permit fall within the exclusive jurisdiction of the TCEQ and that because the Property Owners failed to exhaust their administrative remedies the trial court lacked subject-matter jurisdiction over those claims.

The Property Owners subsequently acknowledged in their late-filed response to the plea to the jurisdiction that none of them "seek to overturn the ruling of the TCEQ with their pleadings" in this case, although they stated that some of the Property Owners "seek to overturn the TCEQ with a Motion to Overturn filed on January 3, 2014 with that agency." They attached a copy of the response of the TCEQ's executive director to a motion to overturn the grant of the TPDES permit filed by some of the Property Owners. The executive director recommended that

10

the TCEQ deny the motion to overturn, but the Property Owners did not present any evidence that the TCEQ had reached a final ruling on the matter. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) ("Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction.").

### 2. *Pleadings asserting claims for damages, declaratory judgment, and equitable relief*

The only remaining claims of the Property Owners involve claims for damages, declaratory judgment, and equitable relief arising from CHSC's potential development of 102 acres of private property in or near Chappell Hill. CHSC argues that these claims are not ripe. We agree.

Ripeness is a component of subject-matter jurisdiction. *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011). The ripeness doctrine prohibits suits involving "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Perry v. Del Rio*, 66 S.W.3d 239, 249 (Tex. 2001); *Scarbrough v. Metro. Transit Auth. of Harris Cnty.*, 326 S.W.3d 324, 337 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). To evaluate ripeness, courts consider "whether, at the time a lawsuit is filed, the facts are sufficiently developed 'so that an injury has occurred or is likely to occur, rather than being contingent or

11

remote.'"  *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000) (quoting *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998)); *Scarbrough*, 326 S.W.3d at 337.  "A case is not ripe when determining whether the plaintiff has a concrete injury depends on contingent or hypothetical facts, or upon events that have not yet come to pass."  *Gibson*, 22 S.W.3d at 852.

The Property Owners' pleadings contended that "[t]he noise, congestion, pollution and increased crime caused by the construction, development and inconvenience" of CHSC's development of its property "will cause inconvenience, annoyance, increased traffic, pollution of the air and water in the area, [and] increase[d] mosquitoes, and [will] adversely affect the quality of life of the [Property Owners] as well as other residents of the area."  However, the only factual support for their pleadings came from CHSC's "Justification for Plant Construction" that was part of its application for the TPDES permit.  In that statement, CHSC indicated the number of connections that the proposed "Plant No. 1" would have for residential and commercial purposes.  There is no other indication, either in the Property Owners' pleadings or in the evidence contained in the record, of where any particular construction would take place, what that construction would entail, or whose individual property rights or enjoyment might be affected.  The Property Owners also complained of "the potential to place a

M.U.D. District in Chappell Hill" and of CHSC's plan to build water wells, but they did not identify any facts indicating that a concrete injury had occurred or was likely to occur. Rather, the Property Owners' complaints about the development all cited future development and construction that was still contingent or hypothetical and had not yet come to pass. *See Gibson*, 22 S.W.3d at 852; *see also Scarbrough*, 326 S.W.3d at 337–38 (holding that property owner's complaint that proposed light rail construction would harm her use or enjoyment of her property was not ripe because "the likelihood of injury to her depended on factors too speculative to address at the time of the trial court's ruling").

Thus, in these remaining claims that arise from some aspect of the development outside of the granting of the TPDES permit to build the wastewater treatment facility, the Property Owners complain about future development and construction that is still contingent and hypothetical. They have presented no argument and have cited no evidence indicating that they could amend their suit to include allegations based on a real or current controversy as opposed to an abstract, hypothetical, or remote dispute, as required by the ripeness doctrine. *See Robinson*, 353 S.W.3d at 755; *Perry*, 66 S.W.3d at 250; *Scarbrough*, 326 S.W.3d at 337. We conclude that the trial court did not err in dismissing the Property Owners' remaining claims without permitting them an opportunity to amend their

pleadings. *See Miranda*, 133 S.W.3d at 228 (holding that trial court may rule on plea as matter of law if relevant evidence fails to raise fact issue as to jurisdiction).

We overrule the Property Owners' sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Massengale.