# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00167-CV

**Texas Home School Coalition Association, Inc., Appellant**

**v.**

**Texas Ethics Commission, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-16-000149, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Texas Home School Coalition Association, Inc. sued for declaratory and injunctive relief, challenging the validity of a rule promulgated by appellee Texas Ethics Commission. The Commission filed a plea to the jurisdiction, arguing among other things that the Coalition lacked standing to seek its requested relief. The trial court granted the Commission's plea, and the Coalition appeals. As explained below, we will affirm the trial court's order dismissing the Coalition's lawsuit.

### Standard of Review

A plea to the jurisdiction challenges a trial court's authority to decide a case. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149 (Tex. 2012). We review de novo a trial court's decision on a plea to the jurisdiction. *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 616 (Tex. App.—Austin 2016, no pet.); *see Heckman*, 369 S.W.3d at 150. Standing and ripeness

are threshold issues that implicate a court's subject-matter jurisdiction and that emphasize the need for a concrete injury for a justiciable claim to be presented. *Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998); *see Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000) (ripeness and standing emphasize "the need for a concrete injury for a justiciable claim to be presented"); *Empower Texans, Inc. v. Texas Ethics Comm'n*, No. 03-16-00872-CV, 2018 WL 3678005, at *2 (Tex. App.—Austin Aug. 3, 2018, no pet.) (mem. op.) ("Justiciability is a separate jurisdictional requirement."). "The constitutional roots of justiciability doctrines such as ripeness, as well as standing and mootness, lie in the prohibition on advisory opinions." *Patterson*, 971 S.W.2d at 442. A party may not seek an advisory opinion and must show that the requested declaratory relief will resolve a live controversy between the parties. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163-64 (Tex. 2004).

"The standing doctrine identifies suits appropriate for judicial resolution" and ensures that there is a real controversy "that will be determined by the judicial declaration sought." *Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 77 (Tex. 2015); *see Heckman*, 369 S.W.3d at 154 (standing "requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court"). The injury asserted by the plaintiff "must be concrete and particularized, actual or imminent, not hypothetical," fairly traceable to the defendant's conduct, and likely to be remedied by the requested relief. *Heckman*, 369 S.W.3d at 155 (cleaned up). A court may not exercise subject-matter jurisdiction over a claim if the plaintiff lacks standing to assert it. *Id*. at 150; *City of Austin*, 506 S.W.3d at 616. The party must also show that its claim is ripe, meaning that "at the time a lawsuit is filed, the facts are sufficiently developed so

that an injury has occurred or is likely to occur, rather than being contingent or remote." *Patel*, 469 S.W.3d at 78 (cleaned up); *see Patterson*, 971 S.W.2d at 442 (ripeness "asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote"). Ripeness seeks "to avoid premature adjudication and to hold otherwise would be the essence of an advisory opinion, advising what the law would be on a hypothetical set of facts." *Robinson v. Parker*, 353 S.W.3d 753, 756 (Tex. 2011) (cleaned up).

**Factual and Procedural Background**

The Coalition sued for declaratory and injunctive relief, seeking to challenge the validity of a Commission rule referred to as "the Principal Purpose Rule." The rule explains when a "group" is considered to have "a principal purpose of accepting political contributions or making political expenditures," so as to be considered a "political committee" subject to certain rules and regulations. *See* 1 Tex. Admin. Code § 20.1(20) (2018) (Texas Ethics Commission, Definitions); *see also id.* § 20.1(14) (defining "political committee"). Under the rule, a group has such a principal purpose if its "proportion of the political contributions to the total contributions to the group is more than 25 percent within a calendar year" or if it "expends more than 25 percent of its annual expenses to make political expenditures within a calendar year." *Id*. § 20.1(20)(B), (D).

The Coalition asserted in its petition that it advocates on behalf of home-school families through public communication, lobbying, legal assistance, and other activities and that it had in recent years advocated for amendments to the family code "to protect innocent single parents from harassing lawsuits by vindictive in-laws." It also "engages in occasional communications expressly advocating" for or against specific candidates, depending on the candidates' views on

3

home-schooling and parental rights.  The petition stated that in 2014, the Coalition spent less than twenty percent of its total expenditures on "express advocacy or its functional equivalent" and that it expects to spend approximately the same amount in the upcoming election cycle, but that its spending, both in absolute terms and proportionate to its other spending, "could increase or decrease depending on the prominence of issues related" to home-schooling.  The Coalition explained that it wanted to continue its issue advocacy and occasional express advocacy but that such conduct "risks subjecting" it to compliance burdens or the possibility of prosecution for its failure to do so and that the alternative is for the Coalition to curtail or reduce its political speech to ensure it does not exceed the rule's "25-percent threshold."  The Coalition asserted that it is not a political committee both because it is a "distinct legal entity," not a group, and because its principal purposes do not include the accepting of political contributions or making of political expenditures.

The Commission filed a plea to the jurisdiction, agreeing with the Coalition's assertion that it is not a political committee because it is a distinct legal entity and not a group.[1]  To support its argument, the Commission cited the definition of "person" as set out in the Code Construction Act, which provides that "person" includes a "corporation, organization, . . . association, and any other legal entity," Tex. Gov't Code § 311.005(2), and stated that under the election code, a "corporation acting alone is not a 'group of persons' and therefore is not a political committee," *see* Tex. Elec. Code § 254.261.  The Commission argued that because the Coalition is not a political committee, it lacks standing to challenge the rule, which applies only to political

---

[1]  The Commission asserted that individual corporations, although not groups subject to the rule, must still disclose "independent expenditures on the same terms as any other 'person.'"

4

committees. Further, the Commission asserted, the Coalition had not established that the challenged rule interfered with, impaired, or threatened to interfere with or impair its legal rights or privileges. *See* Tex. Gov't Code § 2001.038(a). Finally, the Commission contended that any relief would be advisory because the Coalition had not presented evidence that it might be subjected to the rule—the only evidence that the Coalition pointed to as possibly showing such a situation was the Coalition's president's affidavit, which stated that the Coalition's political spending might at some point trigger the rule's application. The Commission argued that such hypothetical or contingent assertions do not give rise to standing.

The Commission also filed a motion for summary judgment, similarly asserting that the Coalition lacked standing because there is no evidence that the Coalition "is part of a group of persons that will expend more than 25% annually on political expenditures, or receive more than 25% of total contributions for that purpose." The Commission argued that the Coalition, a non-profit corporation, had not presented facts to show it was a "group of persons"; that a corporation is a "person" under the Code Construction Act and "is treated as *a person* under the Election Code, and not as *a group of persons*"; that a "corporation, acting alone, is not a 'group of persons' and is therefore not subject to political committee registration and reporting requirements"; and that because the Coalition "is not a political committee, it lacks standing to challenge a rule setting the trigger for that status" as a political committee.

5

The Coalition responded,[2] arguing in part that it "faces a credible threat of enforcement, and therefore possesses standing, because [the Commission] has undertaken administrative proceedings and litigation against another social-welfare corporation to enforce the opposite of its current litigation position: that such corporations can be forced to register as political committees and subjected to civil and criminal penalties for engaging in speech without having registered and submitted to political committee regulation." It further argued that the Commission's assertion that the Coalition lacks standing because it is a corporation "is not binding on [the Commission] or any of the other parties, public and private, authorized to enforce" the challenged rule.[3] The Coalition asserted that it had standing due to a "severe chill on its speech" because the

---

[2] The Coalition also filed a motion for partial summary judgment, which the trial court denied, and then filed another motion for summary judgment, which it combined with a motion to reconsider and a response to the Commission's plea to the jurisdiction.

[3] The Coalition pointed to testimony before a 2014 legislative committee tasked with studying Title 15 of the election code, in which the Commission's chairman said, "Whether or not an entity is a corporation, a partnership, a limited liability company, or a group of guys, it has no effect on whether or not they are a political committee. Whether a corporation is for profit or nonprofit has no impact on whether that entity is a political committee under Texas law." The Coalition also presented as evidence a stipulation filed in September 2014 in a federal lawsuit brought by the Coalition against the Lubbock County District Attorney and several individuals associated with the Commission, in which the parties agreed that in 2014, the Coalition would not accept political contributions amounting to more than twenty percent of its total contributions, nor would it spend more than twenty percent of its resources on political expenditures, and that under those facts, the Coalition "is not a political committee during the calendar year 2014 for purposes of enforcement." The stipulation was filed for the purpose of resolving the Coalition's request for a preliminary injunction, and the parties agreed that it was not a statement of Commission rulemaking, that it could not be construed as a formal Commission interpretation of the applicable laws, and that the Commission did not intend for the stipulation "to be precedential in any manner with respect to any future enforcement proceedings." Further, the testimony was given and the stipulation was signed before the challenged rule was promulgated in October 2014.

rule "threatens to subject it to regulation as a political committee" and the Coalition was therefore "curtail[ing] its speech to avoid those results."

The trial court granted the Commission's plea to the jurisdiction, and this appeal followed.

## Discussion

In its order granting the Commission's plea to the jurisdiction, the trial court stated that because the Coalition—a nonprofit corporation and a "singular 'person'" under the election code—was challenging rules that "apply only to a 'group of persons,'" the Coalition lacked standing to bring its suit. On appeal, the Coalition argues that it has standing because it has been "threatened with regulation as a political committee" and that the Commission's position that the rule does not apply because the Coalition is a corporation and not a "group of persons" is contrary to statements by the Commission in the past and is not binding on private third parties who might seek to use the rule to "target and stifle political advocacy with which they disagree." The Coalition contends that it has alleged an intention to engage in conduct that "may subject it" to the rule's spending threshold. It points to the federal proceeding between the parties in which the Commission "stipulated to an injunction preventing it from regulating [the Coalition] as a political committee only if [the Coalition] agreed to comply with [the Commission's] view of the Code's political committee provisions by limiting its expenditures on political speech." It further points to an investigation by the Commission into another organization that the Coalition asserts is similar to the Coalition in that it is a "social-welfare *corporation*," and argues that the Commission's action against that other group presents "a credible threat of enforcement" against the Coalition.

7

However, the Coalition asserted, and the Commission agreed, that the plain language of the rule—which explains when a "group" can be considered to have a principal purpose triggering the rule's application—leads to a conclusion that the rule does not apply to the Coalition. *See* 1 Tex. Admin. Code § 20.1(20). Positions taken by the Commission before the rule was promulgated that might be viewed as contrary to the Commission's current interpretation do not give rise to a credible threat of imminent enforcement against the Coalition, particularly in light of the plain language used in the rule.[4] *See Heckman*, 369 S.W.3d at 154-55.

Despite its efforts to show that it intends to engage in conduct arguably affected by the rule, *see Susan B. Anthony List v. Driehaus*, 573 U.S. 149, __, 134 S. Ct. 2334, 2343-44 (2014), the Coalition's arguments as to standing essentially come down to these questions: What if the Coalition's circumstances change in the future so as to trigger the rule's limits on spending or contributions? And what if the Commission changes its mind and attempts to enforce the rule against the Coalition as a distinct legal entity and not part of a group? We accept that the Coalition has sincere concerns about these future hypotheticals. However, on this record, those concerns do not suffice to establish a justiciable controversy under Texas law. *See Patel*, 469 S.W.3d at 78; *Heckman*, 369 S.W.3d at 154. If in the future the Coalition's spending and contribution patterns

---

[4] Nor do allegations of a Commission enforcement action against a similar group lead to a conclusion that the Coalition is at risk of enforcement. In that action, the Commission investigated complaints alleging that Empower Texans had improperly accepted political contributions and made political expenditures *on behalf of a political committee*, which would make Empower Texans part of a "group." The Commission stated that its enforcement action was seeking to force Empower Texans to comply with subpoenas issued in an attempt to obtain information so that the Commission could rule on the complaints. The facts here differ from that case and thus do not indicate a looming threat of enforcement.

change or if the Commission or another party attempts to enforce the rule against the Coalition acting alone and not as part of a group, these issues arguably might be ripe and the Coalition may have standing to challenge the validity of the rule. Under the facts presented, the Coalition did not show a concrete and actual or imminent injury, *see Heckman*, 369 S.W.3d at 154-55, and any adjudication would be premature, *see Robinson*, 353 S.W.3d at 756 (because petitioners did not show they had suffered concrete injury, court concluded that petitioners had not shown sufficiently ripe claim; court did not express opinion as to whether petitioners would have standing even if claim was ripe).

### Conclusion

As explained above, the trial court did not err in concluding that the Coalition lacks standing to challenge the Principal Purpose Rule. It therefore properly granted the Commission's plea to the jurisdiction. We affirm the trial court's order.

_____
Cindy Olson Bourland, Justice

Before Justices Puryear, Field, and Bourland

Affirmed

Filed: November 7, 2018