

IN THE
TENTH COURT OF APPEALS

No. 10-17-00202-CV

CITY OF WACO,

Appellant

v.

CITIZENS TO SAVE LAKE WACO,

Appellee

From the 414th District Court
McLennan County, Texas
Trial Court No. 2017-290-5

MEMORANDUM OPINION

Lake Waco sued the City for breach of contract and for a permanent injunction. The trial court denied the City's plea to the jurisdiction. In two issues, the City contends the trial court erred because the City is immune from suit and because the Texas Commission on Environmental Quality has exclusive jurisdiction of the issues raised in the underlying case. Because we determine that the claims raised by Lake Waco in its underlying suit are not ripe, we remand the case to the trial court with instructions to vacate its Order Denying Defendant's Plea to the Jurisdiction and to dismiss Lake Waco's

suit for want of jurisdiction.

BACKGROUND

Some time ago, the City bought a landfill on Highway 84 from the City of Woodway. The permit number for this landfill was 948. In 1987, the City filed an application with the Department of Health (TDH) seeking an amendment to the permit to expand the landfill. The application for the expansion permit was designated 948-A.

In February of 1992, permit 948-A was issued. Within 30 days, Wanda Glaze, a citizen who lived near the landfill, appealed the agency's decision to a Travis County District Court. She named TDH and several others, including the City, as defendants. By mid-October, 1992, the City and Wanda executed a settlement agreement in which, among other things not relevant to our decision, the City agreed that it would "not *expand* the 948-A beyond its current boundaries." (Emphasis added.) The 1992 suit was dismissed with prejudice in December of 1992. Although the order of dismissal indicated that the parties requested an order dismissing the case, no details of the settlement were incorporated into the order.

On or about April 20, 2004, the City purchased a 159-acre tract which was adjoined to the western side of the area which comprised 948-A. In June of 2005, the City held a public meeting about its planned expansion of the 948-A landfill. Lake Waco[1] reminded

---

[1] Lake Waco was formed in 1991. Wanda Glaze asserted in an affidavit attached to Lake Waco's response to the City's plea to the jurisdiction that she assigned her rights in the settlement agreement to Lake Waco soon after the agreement was executed. We do not address herein whether Glaze's rights in connection with her settlement of the Travis County suit can be assigned and if so, whether Lake Waco has standing under a valid assignment.

the City about the settlement agreement. No application was filed at that time. In 2011, the City bought a 133-acre tract which adjoined the 159-acre tract purchased in 2004. In 2016, the City held meetings with Lake Waco to discuss a proposed landfill encompassing the 133- and 159-acre tracts which, combined, adjoin and are contiguous to the 948-A landfill. Again, Lake Waco advised the City that the proposed landfill violated the settlement agreement. The City allegedly replied that the proposed landfill was not an expansion, but a "new permit."

On January 31 of 2017, Lake Waco filed its original petition against the City for breach of contract and to permanently enjoin the City from pursuing the construction and operation of the proposed landfill and from taking any other action that "expands" the 948-A landfill beyond its current boundaries.[2] The City filed a plea to the jurisdiction alleging it was immune from suit and the trial court had no jurisdiction because Lake Waco had no standing to bring its suit.[3] The City's plea was denied.

After briefing was complete on appeal, we recognized that Lake Waco's suit may not be ripe and requested briefing on the issue by both parties.[4] Both parties assert that Lake Waco's suit is ripe. We disagree with the parties.

---

[2] The petition was amended three times, the last being a day before the hearing on the City's plea to the jurisdiction.

[3] The City dropped its lack of standing argument when Lake Waco revitalized its right to do business in Texas and again purported to obtain an assignment of Glaze's rights in the settlement agreement.

[4] Having learned of the acquisition of another landfill site referred to as the Axtell site, we also questioned whether the litigation over the 948-A site was moot. We agree with the City that obtaining another landfill site does not moot the prospective permit process for the site on the 133/159 acres.

**RIPENESS**

It is fundamental that a court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe. *Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). Ripeness is a threshold issue that implicates subject matter jurisdiction and emphasizes the need for a concrete injury for a justiciable claim to be presented. *In re Depinho*, 505 S.W.3d 621, 624 (Tex. 2016); *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011). In evaluating ripeness, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote. *Id.*; *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000). A case is not ripe when the determination of whether a plaintiff has a concrete injury can be made only "on contingent or hypothetical facts, or upon events that have not yet come to pass." *Robinson*, 353 S.W.3d at 756; *Gibson*, 22 S.W.3d at 852. Although a claim is not required to be ripe at the time of filing, if a party cannot demonstrate a reasonable likelihood that the claim will soon ripen, the case must be dismissed. *Robinson*, 353 S.W.3d at 755; *Perry v. Del Rio*, 66 S.W.3d 239, 251 (Tex. 2001).

**APPLICATION**

Lake Waco contends that "the City ha[s] taken concrete steps to expand the 948-A Landfill site…including purchasing land, drawing up written plans for the expanded landfill, and specifically informing Lake Waco of its intent to proceed with the expanded landfill." Nothing in the record, however, indicates that the City has actually expanded or now intends to expand the 948-A landfill. The only action the City has taken is the purchase of two tracts of land adjacent to the 948-A landfill. Although in 2005 the City

initially discussed the expansion of the 948-A landfill after the 2004 purchase of the 159-acre tract, no application for an amended permit or a new permit, since that time, has been filed. And according to the City, the permitting process takes a *long* time to complete. Lake Waco does not dispute the length of time for the permitting process. The previous application process took five years. Moreover, the parties both recognize that the Texas Commission on Environmental Quality (TCEQ), in its discretion, may not grant either an amended permit to expand the 948-A landfill or a permit for a new landfill.

This case is much like the Texas Supreme Court case, *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011). In *Robinson*, Houston voters passed a proposition, called Proposition 2, regarding city revenues and spending, as well as Proposition 1, which the Houston City Council had placed on the ballot by its own act in response to Proposition 2. Proposition 1 garnered more votes than Proposition. 2. The City of Houston determined that, because Propositions 1 and 2 conflicted, Proposition 2 was ineffective and unenforceable. The mayor, therefore, did not certify the results of the passage of Proposition 2 to the secretary of state, and the city council did not enter an order in the city records declaring that Proposition 2 had been adopted. The appellants filed suit seeking a declaratory judgment that Proposition 2 was effective and must be enforced.

However, the Texas Supreme Court stated that from the inconclusive documentation and mere allegations and speculation provided by the appellants, it could not ascertain with necessary certainty that the City failed to comply with Proposition 2's spending caps or that it was likely to exceed the spending caps in the near future, *Robinson*, 353 S.W.3d at 756. Thus, the Court held, because there was no showing that the

appellants suffered a concrete injury, the appellants failed to present a sufficiently ripe, justiciable claim. *Id*.

Lake Waco cites *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69 (Tex. 2015) in support of its argument that its claims are ripe for determination. But in *Patel*, the petitioners' claims were determined to be ripe because they were currently facing enforcement proceedings which had been stayed pursuant to a Rule 11 Agreement. Nothing comparatively imminent in this case is in the record before us. Further, the City asserts Lake Waco's claims are ripe and that a decision on its plea to the jurisdiction would not constitute an advisory opinion. But because no permit, new or amended, has been applied for, and in the current posture of this case if we decided the City is immune from suit, there would be nothing to prohibit the City from seeking an amended permit, rather than a permit for a new landfill as the City contends it will be seeking.[5]

As in *Robinson*, there is no evidence in the record before us that the City has expanded the 948-A landfill or will expand it in the near future. It is uncertain that the City will apply for or receive a permit to expand the current landfill or to build a new landfill on the acreage acquired adjacent to the 948-A landfill in the near future; or in either instance, whether the TCEQ will approve such a permit.[6] At most, Lake Waco has

---

[5] This should not be read to mean that if the City applies for a permit, new or amended, and if either were granted, we agree the City can be sued for breach of contract. We hold only that the dispute is not ripe. Whether the dispute, when and if it becomes ripe, is barred by immunity from suit is, and will remain, the question to which the parties desire an answer.

[6] Much of the information provided by Amicus briefs goes to the advisability of this location for a landfill site, particularly as it relates to its location in relation to the McGregor airport. That information, while relevant to the permit process, has no relevance to the plea to the jurisdiction or breach of contract issues.

a potential injury, not a concrete injury. Thus, on the record before us, neither Lake Waco nor the City can demonstrate a reasonable likelihood that the claims "will soon ripen." And without more, Lake Waco's underlying breach of contract and permanent injunction claims are not ripe.

## CONCLUSION

Because Lake Waco's claims are not ripe, the trial court had no jurisdiction to rule on the City's plea to the jurisdiction and has no jurisdiction over Lake Waco's claims in its underlying suit. Accordingly, this appeal is remanded to the trial court with instructions to vacate its Order Denying Defendant's Plea to the Jurisdiction and to dismiss Lake Waco's underlying suit for want of jurisdiction.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Neill, and
    Judge Youngblood[7]
Remanded to vacate order and dismiss case
Opinion delivered and filed July 10, 2019
[CV06]



---

[7] The Honorable John Youngblood, Judge of the 20th District Court of Milam County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h).