# Supreme Court of Texas

No. 21-1037

Bruce R. Hotze,

*Petitioner*,

v.

Sylvester Turner, Mayor, and the City of Houston,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**Argued February 1, 2023**

JUSTICE BLAND delivered the opinion of the Court.

On a single ballot, voters considered two proposed amendments to the City of Houston's charter, one submitted at the behest of the City Council and the other initiated by local citizens. The election ordinance included a "primacy clause" stating that the Council's proposition would prevail over the citizen-initiated proposition if voters approved the Council's proposition by more votes than the citizens' proposed amendment.

At the election, voters approved both charter amendments. The Council's proposed amendment won more votes than the citizen-initiated amendment. After the court of appeals compelled it to do so in separate litigation,[1] the City adopted both amendments to its charter. Relying on the primacy clause, however, the City claims that the second amendment did not become effective upon its adoption and that it may delay the effectiveness of an amendment at its discretion. The City further argues that it cannot give effect to both amendments because they irreconcilably conflict.

Several citizens who proposed the citizen-initiated amendment sued the City, seeking the amendment's enforcement. They argue that the primacy clause violates a state law requiring cities to adopt proposed charter amendments when voters approve of them by a majority vote. They further claim that the City can and must harmonize the two propositions because voters approved both. The trial court concluded that the two propositions could be harmonized. Relying on the primacy clause, however, the court granted summary judgment in favor of the City. A divided court of appeals affirmed.

Because the City's primacy clause requires more than a majority vote to give effect to the citizen-initiated amendment, it conflicts with state law requiring that a city must adopt a charter amendment upon its approval by a majority vote. The City thus may not rely on the primacy clause to avoid complying with the citizen-initiated proposition.

---

[1] *In re Robinson*, 175 S.W.3d 824, 832 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

Accordingly, we reverse the judgment of the court of appeals. We remand this case to the trial court to determine whether and the extent to which the two propositions may be harmonized under the City's existing charter provision governing reconciliation of conflicting amendments, and to consider the effect of the citizen-initiated amendment's severability clause for those provisions that conflict.

## I

Two proposed charter amendments appeared on the ballot in the City's November 2004 election. Petitioner Bruce Hotze and others initiated one of the amendments through the citizen-petition process.[2] Citizens in home-rule cities may place a proposed charter amendment on the ballot by submitting a petition signed by at least five percent of the voters in the municipality or 20,000 voters, whichever is fewer.[3] The citizens' submission of the petition triggers the city council's nondiscretionary duty to hold an election on the proposed amendment[4] and notify the voters of its content.[5]

The City Council developed its proposed amendment in response to the citizens' grassroots efforts. Both proposed amendments include

---

[2] Jeffrey N. Daily and Carroll B. Robinson were initially co-plaintiffs in this suit. Daily passed away during the pendency of trial; Robinson did not join this appeal.

[3] Tex. Loc. Gov't Code § 9.004(a).

[4] *Coalson v. City Council of Victoria*, 610 S.W.2d 744, 747 (Tex. 1980) ("The City Council's duty is clear, and its compliance with the law is ministerial in nature. The City Council's refusal to submit the proposed amendments to the vote of the people thwarts not only the legislature's mandate but the will of the public.").

[5] *See* Tex. Loc. Gov't Code § 9.004(c).

3

provisions requiring voter approval for increases in City revenues above a certain amount, but the voter-approval thresholds, the formulas for calculating maximum amounts, and the affected revenues differ. The Council's proposed amendment requires the Council to seek voter approval before it increases ad valorem taxes or water and sewer rates above a specified formula. Under its proposed amendment, the Council otherwise may assess and collect "any and all revenues . . . without limitation." In contrast, the citizen-initiated proposal similarly requires the City to seek voter approval for increases in City revenues above a specified formula, but its formula applies to nearly all of the City's "Combined Revenues."

The City Council ordered the election in an ordinance that includes the full language of each amendment. The City's proposed amendment, Proposition 1, included a primacy clause requiring Proposition 1 to prevail over another proposition relating to revenue increases, so long as Proposition 1 obtained more votes:

> If another proposition for a Charter amendment relating to limitations on increases in City revenues is approved at the same election at which this proposition is also approved, and if this proposition receives the higher number of favorable votes, then this proposition shall prevail and the other shall not become effective.

At the election, voters approved both propositions, but Proposition 1 received more votes than the citizen-initiated amendment, which was labeled as Proposition 2. Anticipating the City's refusal to adopt Proposition 2, Hotze and several others sought mandamus relief to order the City to adopt it as a charter amendment. The court of

4

appeals granted relief,[6] and the City Council issued an ordinance adopting both propositions.

On the day he petitioned for mandamus relief, Hotze and others also sued for a declaratory judgment that Proposition 2 is effective and enforceable. That suit eventually reached this Court. We held that his claims alleging noncompliance were not ripe at the time of the suit because the City had not had time to comply with Proposition 2.[7]

Hotze then filed this case, seeking a declaratory judgment that both propositions are in effect and that the City had failed to comply with either one. In an order granting partial summary judgment, the trial court ruled that "Proposition 2 is not effective because of Proposition 1's primacy clause." It further concluded that "Propositions 1 and 2 are not irreconcilably or substantively inconsistent and do not trigger" Article IX, Section 19 of the City Charter. After a bench trial on the remaining issues, the trial court determined that the City had fully complied with Proposition 1. Hotze does not appeal that ruling in our Court.

The court of appeals affirmed, holding that the primacy clause defeats Proposition 2's effectiveness.[8] Although Local Government Code Section 9.005 requires a city to *adopt* a proposed charter amendment if

---

[6] *In re Robinson*, 175 S.W.3d at 832. As the dissenting justice below observed, this dispute has taken a "meandering but well-documented path through the court system." 634 S.W.3d 508, 518 & n.1 (Tex. App.—Houston [14th Dist.] 2021) (Jewell, J., dissenting) (citing six appellate opinions addressing these charter amendments).

[7] *Robinson v. Parker*, 353 S.W.3d 753, 756 (Tex. 2011).

[8] 634 S.W.3d at 515.

approved by a majority of qualified voters, the court of appeals concluded that the statute does not require that the proposed amendment take *effect*.[9] One justice rejected such a distinction and would have held that the primacy clause conflicts with state law.[10] We granted review.

## II

Home-rule cities possess the "full power of local self-government,"[11] which includes the power of qualified voters in the city to adopt or amend a city charter by majority vote.[12] The Houston City Charter protects for its people "the power of direct legislation by the initiative and referendum."[13] The ballot-initiative process is "the exercise by the people of a power reserved to them, and not the exercise of a right granted."[14] It "has its historical roots in the people's dissatisfaction with officialdom's refusal to enact laws."[15]

---

[9] *Id.* at 517.

[10] *Id.* at 523 (Jewell, J., dissenting).

[11] Tex. Loc. Gov't Code § 51.072; *see City of Laredo v. Laredo Merchs. Ass'n*, 550 S.W.3d 586, 592 (Tex. 2018).

[12] Tex. Const. art. XI, § 5(a) ("Cities having more than five thousand (5000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters.").

[13] Hous., Tex., City Charter art. VII-b, § 1 ("The people of Houston, in addition to the method of legislation hereinbefore provided, shall have the power of direct legislation by the initiative and referendum.").

[14] *Taxpayers' Ass'n of Harris Cnty. v. City of Houston*, 105 S.W.2d 655, 657 (Tex. 1937); *see also Dall. Merch.'s & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490–91 (Tex. 1993) ("Home-rule cities possess the full power of self government and look to the Legislature not for grants of power, but only for limitations on their power.").

[15] *Coalson*, 610 S.W.2d at 747.

There are limits to the exercise of local power. City charters and the ordinances amending them must comply with the Texas Constitution and with state law.[16] A city ordinance thus is unenforceable to the extent that it is inconsistent with a state statute preempting its subject matter.[17] Courts do not invalidate city ordinances on this ground, however, "if any other reasonable construction leaving both in effect can be reached."[18]

This case comes before us on the parties' cross motions for summary judgment. To prevail, a party must establish that it is entitled to judgment as a matter of law.[19] When the trial court grants partial relief to each side, the reviewing court may determine all questions presented and render the judgment that the trial court should have rendered.[20] We review a trial court's legal determinations de novo.[21]

Hotze challenges the application of the primacy clause on the ground that it violates state law. The City responds that (1) Hotze's

---

[16] Tex. Const. art. XI, § 5(a) ("[N]o charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State."); *accord City of Wink v. Griffith Amusement Co.*, 100 S.W.2d 695, 698 (Tex. 1936) ("The rule is definitely established . . . that ordinances in conflict with the general or state law are void.").

[17] *BCCA Appeal Grp., Inc. v. City of Houston*, 496 S.W.3d 1, 7 (Tex. 2016).

[18] *City of Beaumont v. Fall*, 291 S.W. 202, 206 (Tex. [Comm'n Op.] 1927).

[19] *Jordan v. Parker*, 659 S.W.3d 680, 684 (Tex. 2022).

[20] *Id.*

[21] *Tex. Educ. Agency v. Hous. Indep. Sch. Dist.*, 660 S.W.3d 108, 116 (Tex. 2023).

7

challenge is untimely because it was not brought in an election contest; (2) Hotze is estopped from bringing state law challenges he brought in earlier election contests; and (3) even if the primacy clause is invalid, a reconciliation provision in the City Charter otherwise defeats Proposition 2's effectiveness because Proposition 2 directly conflicts with Proposition 1. The court of appeals addressed and rejected the merits of Hotze's state law challenge. As we conclude this issue is dispositive, we need not reach Hotze's other challenges to the court of appeals' rulings.[22]

**A**

At the outset, the City contends that Hotze has waived his state law challenge to the primacy clause or is estopped from raising it.[23] The City argues that a voter's exclusive remedy for challenging a charter amendment's effectiveness is through an election challenge. The City suggests that Hotze's claim for Proposition 2's enforcement is, in essence, a challenge to the ballot language or ballot preparation because the primacy clause, though part of the election ordinance, is not incorporated into the adopted charter amendment. Thus, it argues, the true nature of Hotze's claim for enforcement of Proposition 2 is an

---

[22] In his petition, Hotze further alleged that the ballot language and the election notices violated state law by not informing voters of the primacy clause and that Proposition 2 does not fall within the scope of the primacy clause because it does not "relat[e] to limitations on increases in City revenues." The court of appeals held that issues regarding ballot language and notice were waived because they must be pursued in an election contest. 634 S.W.3d at 516. We reject Hotze's claim that Proposition 2 does not relate to limitations on increases in revenues. By its own language, Proposition 2 creates a "limitation on growth in revenues."

[23] In reaching the merits, the court of appeals implicitly rejected this argument. *See* 634 S.W.3d at 522 n.8 (Jewell, J., dissenting).

8

election challenge, which a voter must bring within thirty days of the election.[24]

The City's waiver argument lacks merit. Constitutional challenges to invalid municipal lawmaking are not confined to election contests. Election contests are appropriate for challenging irregularities in the election process that cause the final canvass to reflect results other than "the true outcome" of the election.[25] We also have recognized a timely filed election contest as the proper mechanism to challenge deceptive or misleading ballot language.[26]

Instead, the issue here is whether the City must recognize a duly adopted charter amendment after the election is held. That the City relies on the primacy clause to argue that the amendment is not effective does not convert Hotze's claim into an election contest. Rather, it is a challenge to the City's decision not to enforce parts of its charter as it exists after the election. As we held in an earlier case related to this one, a suit that challenges a city's lack of enforcement of a duly adopted charter amendment is premature when brought immediately upon its passage.[27] For this reason, we further conclude that Hotze is not estopped from raising his state law enforcement claim. Because we

---

[24] *See* Tex. Elec. Code § 233.006(b) (establishing a thirty-day window in which to file an election contest).

[25] Tex. Elec. Code § 221.003. Such irregularities may include the counting of illegal votes, the failure to count legal votes, the prevention of eligible voters from voting, and fraud or mistakes in the administration of an election. *Id.*

[26] *See Dacus v. Parker*, 466 S.W.3d 820, 826 (Tex. 2015).

[27] *Robinson*, 353 S.W.3d at 756.

9

conclude that the issue of whether Proposition 2 is effective was not waived, we address the merits of the parties' arguments.

**B**

The primacy clause instructs that, if Proposition 1 garners more votes than a related ballot proposition, then it "shall prevail and the other shall not become effective," even if voters approved both propositions.

Hotze argues that the primacy clause conflicts with Local Government Code Section 9.005(a) because the clause conditions Proposition 2's effectiveness on requirements beyond those dictated by state law. Section 9.005(a) requires the adoption of a proposed charter amendment "if it is approved by a majority of the qualified voters of the municipality who vote at an election held for that purpose."[28] The primacy clause imposes a heavier burden on Proposition 2 than Section 9.005(a) permits, he argues, because, for Proposition 2 to take effect, it must receive not just a majority of votes but also more votes than Proposition 1.[29]

The City acknowledges that Section 9.005(a) governs whether an amendment is adopted, but it responds that the statute does not prohibit a local government's restrictions on an amendment's effectiveness.

---

[28] Tex. Loc. Gov't Code § 9.005(a).

[29] Because we hold that the primacy clause violates Section 9.005(a), we do not address Hotze's additional arguments against applying the primacy clause to defeat Proposition 2, including his arguments that the primacy clause was never included in the proposed amendment; that the voters did not vote on the primacy clause; and that the primacy clause violates Texas Local Government Code Section 9.004(d) and (e).

Under the City's interpretation, the primacy clause and Section 9.005(a) do not conflict.

The Texas Constitution prohibits city ordinances that conflict with state law.[30] While it is true that we harmonize a local ordinance with state law if such an interpretation is reasonable, we reject the notion that the primacy clause is consistent with state law governing the adoption of charter amendments. State law prescribes the method by which home-rule cities may amend their charters through ballot propositions.[31] A proposed amendment is adopted if approved by a majority of voters.[32] The primacy clause dictates a different method for adopting a charter amendment by requiring the citizen-initiated proposal to receive more favorable votes than the Council-initiated proposal to become effective. The imposition of this additional requirement violates Section 9.005(a).

Section 9.005(a) prescribes all that is required for the adoption of a proposed charter amendment: "approv[al] by a majority of the qualified voters of the municipality who vote at an election held for that purpose."[33] The statute provides the only relevant vote threshold.

The City insists that, while voters may approve a charter amendment for "adoption" in accord with state law, the same vote

---

[30] Tex. Const. art. XI, § 5(a) ("[N]o charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State.").

[31] Tex. Loc. Gov't Code §§ 9.004–.005.

[32] *Id.* § 9.005(a).

[33] *Id.*

simultaneously may render it ineffective under local law. The City ignores that its effort at harmony generates disparate outcomes based on two distinct requirements: the state law majority requirement versus the local law majority-plus requirement. The two requirements directly conflict.

We generally do not render statutory language meaningless.[34] The City's strained construction renders Section 9.005(a) meaningless because the primacy clause, which requires a different vote total, nullifies the statute's majority-rule provision—based on the same vote. A local ordinance cannot restrict the effectiveness of a related ballot measure by imposing a higher vote threshold than the statute permits. We hold that the election ordinance's primacy clause is void because it conflicts with state law.

Despite the infirm primacy clause, Proposition 1 remains a part of the City's charter. The election ordinance contains a clause permitting the severance of any clause held unenforceable.[35] Having held the primacy clause unenforceable, we treat it as severed from the remainder

---

[34] *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016).

[35] "That, if any provision, section, subsection, sentence, clause, or phrase of this Ordinance, or the application of same to any person or set of circumstances, is for any reason held to be unconstitutional, void, invalid, or unenforceable, neither the remaining portions of this Ordinance nor their application to other persons or sets of circumstances shall be affected thereby, it being the intent of the City Council in adopting this Ordinance that no portion hereof or provision or regulation contained herein shall become inoperative or fail by reason of any unconstitutionality, voidness, invalidity or unenforceability of any other portion hereof, and all provisions of this Ordinance are declared to be severable for that purpose." Hous., Tex., Ordinance 2004-887, § 13 (Aug. 25, 2004).

of the election ordinance. As there is no challenge to Proposition 1's other provisions, it remains in effect, and the trial court's unchallenged ruling that the City has complied with Proposition 1 stands.

## C

The City more generally argues that the effective date for an amendment that has been duly added to the charter is a matter for the City's discretion. Hotze responds that the City's proposed construction, permitting it to delay enforcement of a charter amendment for an unlimited time, fails to comport with Local Government Code Section 9.005(b).

Section 9.005(b) provides: "A charter or an amendment does not take effect until the governing body of the municipality enters an order in the records of the municipality declaring that the charter or amendment is adopted."[36] Reading this statute to permit a municipality to indefinitely delay giving effect to an amendment, as the City suggests, offends the democratic principles embedded in the Local Government Code and in the concept of home-rule cities. We presume that the Legislature intends statutes to be effective in their entirety and feasible of execution.[37] Giving effect to the Legislature's intent requires that the Local Government Code's ballot-initiative procedures feasibly result in an effective citizen-initiated charter amendment. We read Section 9.005(b) to require that an adopted amendment becomes effective when the municipality declares that the amendment is

---

[36] Tex. Loc. Gov't Code § 9.005(b).

[37] Tex. Gov't Code § 311.021(2), (4).

13

adopted. Absent other controlling law, the City cannot indefinitely delay giving effect to Proposition 2 because to do so violates Section 9.005(b).

While this Court has never had the opportunity to interpret Section 9.005(b), the Fifth Circuit held in *Minella v. City of San Antonio* that the statutory instruction that an adopted amendment "does not take effect until" the municipality declares it adopted necessarily means that the amendment takes effect when such a declaration takes place.[38] In *Minella*, the Fifth Circuit considered whether a city council could prescribe an effective date different from the adoption date for a charter amendment that contained no effective date within its text. The Fifth Circuit interpreted Section 9.005(b) as prescribing the effective date of an amendment to be the date when the municipality enters an order that adopts that amendment; a contrary rule would permit a city council to invalidate an adopted charter amendment by delaying its effective date indefinitely.[39]

We agree with the Fifth Circuit that Section 9.005(b) requires that an amendment take effect upon the entry of the order declaring its adoption as part of the city charter, absent other law rendering it ineffective. Delaying effectiveness until the adoption date, as the statute expressly provides, sensibly allows time for the municipality to prepare for compliance with the new amendment after voter approval. But to suggest, as the City does, that an adopted amendment may be added to

---

[38] 437 F.3d 438, 440 (5th Cir. 2005).

[39] *Id.* at 441 (quoting *In re Robinson*, 175 S.W.3d at 831).

14

the city charter without ever becoming effective absent further City approval is incompatible with Section 9.005(b).

## III

Finally, we consider the interplay of Proposition 1 and Proposition 2, given that voters approved both, the Council has adopted them, and the City's reliance on the primacy clause or general discretion to prescribe a later effective date than the adoption date is unfounded. The City argues that the two charter amendments inherently conflict. It observes that the City Charter contains a century-old provision that governs implementation of conflicting charter amendments approved at the same election, and that under this provision, Proposition 1 prevails.

Hotze responds that the two charter amendments may be reconciled. He adds that the City must give effect even to conflicting charter amendments because the charter's conflict-resolution provision is inconsistent with Section 9.005(a)'s requirement that an amendment must be adopted if approved by a majority vote and Section 9.005(b)'s instruction that an approved amendment be given effect upon adoption.

Article IX, Section 19 of the Houston City Charter, adopted in 1913, addresses conflicts between charter amendments: "at any election for the adoption of amendments if the provisions of two or more proposed amendments approved at said election are inconsistent the amendment receiving the highest number of votes shall prevail."[40] This reconciliation provision resembles the primacy clause in that it permits one amendment to prevail over another even when both receive a

---

[40] Hous., Tex., City Charter art. IX, § 19.

15

majority of votes; it differs, however, in that it is triggered only by an inconsistency between those majority-winning amendments.

This case demonstrates that, though Section 9.005 requires a City Council to adopt and give effect to a citizen-initiated amendment that the voters approve by a majority vote, a dilemma arises when two approved amendments conflict. Generally, when faced with conflicting amendments, a court decides whether the two may be harmonized, or whether the later amendment impliedly repealed the earlier one.[41] That rule, however, offers no guidance when the voters approve conflicting amendments simultaneously. We do not interpret Section 9.005 to require a local government to achieve the impossible by giving effect to two conflicting charter amendments adopted at the same election. In the absence of guiding state law, the City's charter resolves the issue in a manner that respects the will of the voters without burdening the City with the impossible task of complying with incompatible charter amendments. We therefore reject Hotze's challenge to the charter's reconciliation provision under Section 9.005.

---

[41] *See Gordon v. Lake*, 356 S.W.2d 138, 139 (Tex. 1962) ("A statute may be repealed expressly or by implication. Where a later enactment is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject."); *Conley v. Daughters of the Republic*, 156 S.W. 197, 201 (Tex. 1913) ("There is no express repeal of the former law; hence, if repealed, it must be by implication, which is not favored. The two laws relate to the same subject, and should be considered as if incorporated into one act. If being so considered the two can be harmonized and effect given to each, there can be no repeal.").

The charter defeats an amendment, however, only if that amendment is inconsistent with another amendment approved at the same election. Among other arguments, the City urges that Proposition 2's revenue limitation conflicts with Proposition 1's broad grant of "full authority" to the City Council to levy taxes unrelated to the proposition's ad valorem or water service caps, "without limitation." Hotze responds that the two provisions can be harmonized and enforced together. Applying two overlapping caps creates redundancy, he suggests, but it does not create an inconsistency that triggers the charter's reconciliation provision. He further notes that the City must give effect to any part of Proposition 2 that is consistent with Proposition 1 because Proposition 2 contains a severability clause. The severability clause operates to excise those portions of Proposition 2 that are void or otherwise unenforceable. Proposition 2, by its own terms, allows the removal of any of its provisions that conflict with superior law to preserve any remaining part.

The trial court noted that aspects of the two amendments may be harmonized, but it did not undertake that effort because it gave effect to the primacy clause and disregarded Proposition 2 in its entirety. In addition, the parties did not address the specifics of such harmonization, nor did they consider the effect of Proposition 2's severability clause. Neither the City nor Hotze is entitled to summary judgment on this record. Having held the primacy clause invalid, we remand the case to the trial court to determine whether and to what degree the two propositions may be harmonized, recognizing that Proposition 2 severs

17

out inconsistent provisions to allow those that are consistent to take effect.

*     *     *

Because Proposition 1's primacy clause required voters to approve a citizen-initiated proposition by greater than a majority vote, it violates Local Government Code Section 9.005(a)'s majority-rule provision. Accordingly, we reverse the judgment of the court of appeals in part. Because it is not challenged, we affirm that portion of the trial court's judgment ruling that the City has complied with Proposition 1. We remand the case to the trial court for further proceedings consistent with this opinion.

Jane N. Bland
Justice

**OPINION DELIVERED:** April 21, 2023